THE MERCY HOSPITAL *et al.*

*v.*

THE CITY OF CHICAGO.

*Opinion filed October 19, 1900.*

1. SPECIAL ASSESSMENTS—*county court must review apportionment of cost of improvement.* Under section 47 of the Improvement act of 1897 the county court must, in special assessment cases, review the commissioners' apportionment of the cost of the improvement between the public and private owners, where its power in that regard is invoked by proper objections. (*City of Jacksonville* v. *Hamill,* 178 Ill. 235, explained.)

2. SAME—*provision of section 47 denying appeal construed.* The provision of section 47 of the Improvement act of 1897, that the county court's determination of the correctness of the apportionment of cost between the city and private owners shall be conclusive and not subject to review, does not prevent a review of the county court's action in refusing to inquire into such apportionment.

3. APPEALS AND ERRORS—*when validity of statute is not involved.* The validity of the provision of section 47 of the Improvement act of 1897, denying the right to a review of the county court's determination of the correctness of the apportionment of cost between the public and private owners, is not involved in a case where the county court made no such determination, but merely refused to inquire into the apportionment on the ground that it lacked power.

APPEAL from the County Court of Cook county; the Hon. ROBERT H. LOVETT, Judge, presiding.

MASON & NOYES, (FRANK S. LENERT, of counsel,) for appellants.

CHARLES M. WALKER, Corporation Counsel, ARMAND F. TEEFY, and WILLIAM M. PINDELL, for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

This is an appeal from a judgment confirming a special assessment levied to pay the cost of grading, curbing and paving with asphalt Twenty-sixth street between certain designated points, and all intersecting streets and alleys, to the curb line of said Twenty-sixth street.

The ordinance was passed and the proceedings were taken under the act of 1897, concerning local improvements. (Hurd's Stat. p. 355.) After the filing of the petition the county court entered an order directing the superintendent of special assessments to make a true and impartial assessment of the cost of the improvement upon the city of Chicago and the property specially benefited. This officer made and reported to the court the assessment and assessment roll, in which he estimated and reported that there would be no public benefits from the improvement, and that the proportion of the total cost to be paid by the city for public benefits was "no dollars," and that the whole amount of such total cost ($26,000) should be and was apportioned to the property benefited, and that he had apportioned and assessed such total amount upon the several lots, blocks, tracts and parcels of land in proportion to benefits. The appellants appeared and filed a long list of stock objections (fifty-three in number) to the assessment, all of which were overruled. The only objections set out or referred to in the abstract are: "(31) Said municipality has not been assessed its proportion of said assessment, although it will be greatly benefited by said improvement." "(35) This court has no jurisdiction to pass upon said assessment roll." From the inclusion of these objections in the abstract and the exclusion of all others, we must assume that the ones so included are the only ones insisted upon in this court and that all others are waived.

Under the appellants' said thirty-first objection their counsel moved the county court, as provided in section 47 of said statute of 1897, to inquire whether or not the assessment as made and returned was an equitable and just distribution of the cost of the improvement as between the public and the property, and offered to prove that the improvement was of great benefit to the public, and that as between the owners of the property assessed and the public the assessment was unjust and inequitable. But the court refused to hear any evidence on the

187—26

subject or to enter upon any inquiry, in any manner, into the question whether the apportionment of the assessment as between the city of Chicago and the property owners was just and equitable or not, upon the alleged ground that this court had in *City of Jacksonville* v. *Hamill,* 178 Ill. 235, decided that the court had no power to modify or change in this respect the assessment as made and returned by the proper officer. In so deciding the court fell into error. The proceeding under review in that case was a proceeding for special taxation, and not for a special assessment. We have pointed out in numerous cases that the legislature has not abolished all distinctions between special assessments and special taxation. (*Pfeiffer* v. *People* 170 Ill. 347; *Hull* v. *People,* id. 246; *Birket* v. *City of Peoria,* 185 id. 369.) And in the *Birket case* it was held that the provisions of the act of 1897 for the review by the trial court of the apportionment of the cost of the improvement between the municipality and the property owners do not apply to cases of special taxation, but only to special assessments. It is wholly unnecessary to repeat here the reasons for those decisions. A reference to those cited, and others, will show the error of counsel in ignoring the distinctions between the two proceedings.

We are earnestly requested by counsel to reconsider the *Hamill case* and what was there said on the question, on the ground that the attention of the court was not called to section 47 of the act of 1897, but the case was decided, it is said, without reference to that section. But, as before shown, the proceeding there was by special taxation, and the provision for the inquiry by the court whether the apportionment was just and equitable between the public and the property owners did not apply to the case then under consideration and it was not necessary to refer to that section. (*Birket* v. *City of Peoria, supra.*) The case at bar is a special assessment proceeding and the provisions of the act of 1897 do apply, and

it was error in the court below to refuse to make the inquiry provided for by the statute.

As said in the cases cited, and others, prior to this statute the court had no power to review the action of the commissioners making such apportionment, whether the proceeding was by special taxation or special assessment. The legislature must be presumed to have known the construction which this court had placed on prior statutes, and to have intended by the act of 1897 to provide a remedy for unjust and inequitable apportionments of assessments, so that the municipality, or its superintendent of assessments, could not say, arbitrarily and without regard to justice in the particular case, that the property owners whose property may be specially benefited shall pay all the cost of the improvement, when it would be made clear, upon impartial inquiry, that the public would also be benefited by the improvement and that the municipality ought to bear its just proportion of the cost.  Sections 38 and 39 make it the duty of the court to direct, and of the officer to make, a just and equitable apportionment, and section 47 is as follows: "Upon objection or motion for that purpose, the court in which said proceeding is pending may, in a summary way, inquire whether the officer making the report has omitted any property benefited; also whether or not the assessment, as made and returned, is an equitable and just distribution of the cost of said improvement, first, between the public and the property; and second, among the parcels of property assessed.   The court shall have the power, on such application being made, to revise and correct the assessment levied, to change or modify the distribution of the total cost between the public and property benefited, and also to change the manner of distribution among the parcels of private property, so as to produce a just and equitable assessment, considering the nature of the property assessed, and its capacity for immediate use of the improvement when completed.

The court may either make such corrections or changes, or determine in general the manner in which the same shall be made, and refer the assessment roll to the person filing the same for revision and correction. The determination of the court as to the correctness of the distribution of the cost of the improvement between the public and the property to be assessed, shall be conclusive, and not subject to review on appeal or writ of error."

The statute is too plain to admit of doubt as to the legislative intent. The power thus given to the court cannot be exercised or not, at its discretion, when invoked in a special assessment case in the manner provided by the statute, but it must be exercised. The word "may" in this respect means "must." Nor can it be said that the municipalities may, in such cases, be burdened with the cost of improvements beyond their revenues and without their consent, for they may refuse to begin, or after beginning may discontinue the proceedings if they are disinclined or find themselves unable to pay their just and equitable proportion of the improvement. In this respect they certainly occupy a more favorable position than the lot owners do.

If any doubt could arise from the statute itself whether the General Assembly intended to give the property owner the right to institute this summary inquiry in the court, it would disappear upon a consideration of prior, contemporaneous and subsequent legislation. It would seem from such legislation that the General Assembly considered that the great power which had been conferred on municipalities over one kind of property, enabling them to appropriate a large part of its value to the construction of municipal improvements often of much greater public than of local benefit, had been, or was capable of being, greatly abused, for by the amendatory act of 1895 (Laws of 1895, p. 100,) it was provided that no special tax shall be levied in excess of the special benefits accruing from the improvement to the property

specially taxed, and that the ordinance shall not be conclusive upon the question, but that it shall be subject to review by the county court. Again, by the act of June 14, 1899, it was provided that no city within the class specified shall adopt an ordinance for a local improvement, to be paid for either by special assessment or special taxation, unless petitioned for by the owners of one-half the property abutting upon the improvement. (Laws of 1899, p. 95.) And by the act of 1897 a public hearing before the board of local improvements, after proper notice, is provided for, where the property owner may appear for or against the proposed improvement; and, as we have also seen, he is entitled to be heard, in cases of special assessments, upon the application for the confirmation of the assessment, upon the question whether the distribution of the cost of the assessment as made by the person appointed for the purpose, is, as between the public and the owners of the property assessed, just and equitable. It is the duty of the courts to enforce these provisions, and the court below was as much bound to inquire (though in a summary way) into the apportionment between the city and the property owners as into any other question properly raised in the case; and the fact that no appeal from the decision as to the justice and fairness of such apportionment is by the terms of the statute allowed, only increases, if it affects at all, the responsibility of the trial court.

This brings us to the contention of appellee that this court cannot review this question, because by the express terms of section 47 the decision of the county court as to the correctness of the apportionment is conclusive and not subject to review on appeal or writ of error; and also to the contention of appellants (made in their reply briefs only and not mentioned by appellee) that that part of section 47 contravenes section 8 of article 6 of the constitution, and is therefore void. Said section 8 is: "Appeals and writs of error may be taken to the

Supreme Court, held in the grand division in which the case is decided, or, by consent of the parties, to any other grand division."

Counsel cite *Schlattweiler* v. *St. Clair County*, 63 Ill. 449, *Haines* v. *People*, 97 id. 161, and other cases, as holding that the right of appeal in such cases is guaranteed by the constitution. It is apparent from the reading of the statute that the denial of the right of review, on appeal or writ of error, is confined to the determination of the court as to the correctness of the distribution of the cost of the improvement between the public and the property to be assessed, and does not refer to the determination of the court that it will not make, or has not the power to make, the inquiry asked for by the objector. The court below did not determine whether the apportionment as made between the city and the property assessed was just and equitable or not, but only that it had no power to inquire into or to determine that question, and refused, for that reason, to enter upon the inquiry at all, consequently the correctness or justness of the distribution of the cost of the improvement as made between the public on the one hand and the property owners on the other is not involved in the appeal and was not attempted to be brought before us. That being so, the validity of the provision in question of the statute, denying the right of review, on appeal or writ of error, of that question, is outside of and not involved in this appeal. We shall not consider it. Proper exceptions were saved, however, to the decision of the court in refusing to make summary inquiry, or any inquiry, into the distribution of the cost of the improvement between the public and the property assessed, and, the appeal having been taken from the judgment of confirmation, this error is properly assigned here. It was not necessary, as contended by appellee, that appellants should, under section 48 of the statute, have waived further controversy. The appeal was not taken from an order which

that section provides shall not be final unless further controversy be waived as to remaining questions, but from the final judgment of confirmation made erroneous by errors committed upon the trial.

The judgment as to the property of the appellants is reversed and the cause remanded for further proceedings not inconsistent with the views above stated.

*Reversed and remanded.*