RANDOLPH v. CITY OF INDIANAPOLIS ET AL.

[No. 21,358. Filed June 22, 1909.]

1. APPEAL.—*Right of.*—The right of appeal is statutory. p. 511.

2. APPEAL.—*Right of.*—*Special Proceedings.*—*Street Assessments.*—Proceedings for the assessment of costs and damages for street improvements are special, and no appeal lies from orders made therein except where the statute expressly grants such right. p. 511.

3. APPEAL.—*Street Assessments.*—*Statutes.*—Section 8716 Burns 1908, Acts 1905, pp. 219, 292, §111, providing for making street assessments, for reassessments in certain cases, and that the report of the appraisers making the reassessment "shall be final and conclusive" on all parties thereto, grants no right of appeal. p. 512.

4. APPEAL.—*Street Assessments.*—*Judicial Action.*—*Costs.*—In a street assessment proceeding, under §8716 Burns 1908, Acts 1905, pp. 219, 292, §111, the circuit or superior court, on appeal, exercises no judicial action, except in rendering a judgment for costs, and such action, being a mere incident to the proceeding, cannot be appealed from. p. 512.

From Superior Court of Marion County (73,553) ; *Vinson Carter,* Judge.

Petition by Corinna E. Randolph for reassessment on account of street improvements. From an adverse judgment, she appeals. *Appeal dismissed.*

*Denny & Denny, Ovid B. Jamison, Lynn D. Hay, M. M. Townley* and *Horace L. Gould,* for appellant.

*Frederick E. Matson, Crate D. Bowen, James D. Peirce* and *Joseph F. Cowern,* for appellees.

MONTGOMERY, C. J.—Appraisers were appointed upon appellant's petition, under section 111 of the act of 1905, concerning municipal corporations (Acts 1905, pp. 219, 292, §8716 Burns 1908), to reassess benefits to her property on account of certain street improvements. Such appraisers made report reducing appellant's assessment about sixty per cent. Appellees thereupon moved to strike out and reject this report, upon numerous grounds, among which was the alleged unconstitutionality of the provisions authorizing such reassessment. This motion was overruled, the report ordered spread of record, and a judgment for costs rendered in favor of appellant. Subsequently upon motion of appellees this order or judgment was vacated, and the motion to reject the report sustained, and costs were adjudged against appellant. Appellant prayed and perfected an appeal from this action, and in various forms has assigned error upon the adverse rulings of the court.

We are met at the threshhold with a motion by appellees to dismiss the appeal, for the reason that the proceeding is special, and no appeal from any decision therein is authorized by law.

It is well settled that the granting of appellate rights is a subject of legislative discretion, and the general right of appeal allowed from final judicial judgments does not

1. apply to special proceedings. Statutory provisions for the improvement of streets and other highways, and for the assessment of the costs thereof against the property benefited, are special in character, and unless ex-
2. pressly granted no appeal lies from any action or decision of the board or tribunal conducting such proceedings. *Sims* v. *Hines* (1890), 121 Ind. 534; *Hughes* v. *Parker* (1897), 148 Ind. 692.

The statute before us provides that the report of appraisers appointed by the court "shall be final and conclusive" upon

all parties thereto.   No appeal from such report or appraisement is specially authorized and none exists.

Appellant's counsel concede this proposition, but insist that this appeal is not from the report of appraisers, but from the order of the Superior Court of Marion County setting aside such report, made in the exercise of its general jurisdiction.   It is apparent, however, that the action of the court from which the appeal was prosecuted is not an ultimate judgment in an independent judicial proceeding, but was taken in the exercise of assumed jurisdiction over and as a mere incident to the principal proceeding, which was administrative in its nature.   If in such cases no appeal is allowed from the granting or withholding of the primary object sought, we think it must be manifest that no appeal is authorized from any intermediate or incidental decision.   In the case of *City of Indianapolis v. State, ex rel.* (1909), *ante*, 472, this court held that in such proceedings the judge of the court below performs no judicial function, except to pronounce judgment for costs in accordance with statutory directions; and, the duty is devolved by the statute upon the clerk of entering the report upon the record only for the purpose of preserving the evidence.   In this view of the statute, the action of the court from which this appeal was taken was wholly unauthorized, and, apart from the matter of costs, of little or no consequence.   The efficient action is to be taken by the board of public works, with whom it must be presumed a copy of the report has been, or will be, filed.   It follows that no appeal in this matter is authorized, and appellees' motion to dismiss should be sustained.

The appeal is dismissed.