## CITY OF CRAWFORDSVILLE *v.* BROWN.

[No. 6,778. Filed March 18, 1910.]

1. APPEAL.—*Special Proceedings.—Street Assessments.*—No appeal lies from a street assessment, unless the statute expressly authorizes it. p. 593.
2. APPEAL.—*Street Assessments.—Statutes.*—Under §8716 Burns 1908, Acts 1905, p. 219, §111, providing that the report of the appraisers shall be final and conclusive, no appeal lies from a judgment of the circuit court fixing the street assessment in accord with the report of the appraisers appointed by the court to make a reassessment. p. 594.

3. APPEAL.—*Jurisdiction.*—*Raising Question of.*—The Appellate Court can determine its jurisdiction over the subject-matter of an appeal, though the question is not raised by the parties. p. 594.

From Montgomery Circuit Court; *Jere West,* Judge.

Street assessment by the City of Crawfordsville against Eliza I. Brown. From a judgment, on appeal to the circuit court, reducing the amount thereof, the city appeals. *Appeal dismissed.*

*Irvin C. Dwiggins,* for appellant.
*Clyde H. Jones* and *John B. Murphy,* for appellee.

HADLEY, J.—Appellant sought to improve a certain alley within its corporate limits, under section 111 of an act of the General Assembly of 1905 (Acts 1905, p. 219, §8716 Burns 1908), and assessed benefits to pay therefor. Under the provisions of said act, appellee, upon the completion of the assessment roll and its delivery to the department of finance, appealed to the Montgomery Circuit Court, by his written verified petition, showing that the assessment on appellee's property was excessive, and asked the court to appoint disinterested freeholders to reassess such benefits.

Appellant demurred to the petition, the demurrer being overruled. Appraisers were appointed, a reassessment made, and appellee's assessment was reduced $30, which was a reduction of more than ten per cent of the first assessment, and the court thereupon entered judgment against the appellant for costs and appraisers' fees. This appeal is taken from this alleged judgment.

The first question that arises for our consideration is our jurisdiction over such an appeal. This precise question was decided by the Supreme Court in the case of *Randolph* v. *City of Indianapolis* (1909), 172 Ind. 510. In that case the court say: "It is well settled that the granting of appellate rights is a subject of legislative discretion, and the general right of appeal allowed from

final judicial judgments does not apply to special proceedings. Statutory provisions for the improvement of streets and other highways, and for the assessment of the costs thereof against the property benefited, are special in character, and unless expressly granted no appeal lies from any action or decision of a board or tribunal conducting such proceedings.''

The section of the act under which the appeal to the circuit court was taken provides that the report of the appraisers so appointed by said court shall be final and conclusive on all parties thereto. No appeal from such report of appraisers is specially authorized and none exists, and, as is said in the case of *Randolph* v. *City of Indianapolis, supra,* the circuit court in performing the acts required by said section is not exercising general jurisdiction, and its final determination is not an ultimate judgment in an independent judicial proceeding, but is taken in the exercise of assumed jurisdiction, and as an incident to the principal proceeding, which is administrative in its nature, and since no appeal is allowed from the granting or withholding of the primary object, it must be manifest that no appeal is authorized from any intermediate or incidental proceeding.

The question of our jurisdiction over the subject-matter has not been raised by either of the parties to this action; but in all cases this court must first determine its jurisdiction to hear and decide a case, whether or not the question is raised by the parties, as this is a question that cannot be waived. *Davis* v. *Davis* (1871), 36 Ind. 160; *Branson* v. *Studabaker* (1892), 133 Ind. 147; *Louisville, etc., R. Co.* v. *Johnson* (1879), 67 Ind. 546; *Fitch* v. *Long* (1902), 29 Ind. App. 463; *Everett Piano Co.* v. *Bash* (1903), 31 Ind. App. 498.

Since no appeal in this matter is authorized, we have no jurisdiction, and the appeal is dismissed.