## WIDENER ET AL. *v.* TOWN OF LAPEL.

[No. 7,738.    Filed December 13, 1910.]

1. APPEAL.—*Jurisdiction.— Street Improvements.— Statutes.*— In the absence of a statute providing therefor, no appeal lies from a judgment in a street improvement proceeding.  p. 568.

2. APPEAL.—*Street Improvements.—Statutes.*—Under section one of the act of 1909 (Acts 1909 p. 417), providing that, on appeal from a street improvement proceeding, the circuit court may confirm the order of the council, or sustain the objections thereto, "and such order of the court shall be final and conclusive upon all of the parties thereto," no appeal lies from the judgment of the circuit court.  p. 569.

3. APPEAL.—*Right of.—Statutes.*—The right of appeal is statutory.  p. 569.

From Madison Circuit Court; *Charles K. Bagot,* Judge.

Street improvement proceedings by the Town of Lapel, to which Oliver P. Widener and others object. From a judgment ordering the improvements, objectors appeal. *Appeal dismissed.*

*Kittinger & Diven,* for appellants.
*Bagot & Pence* and *Wade H. Free,* for appellee.

MYERS, J.—This proceeding was begun on June 1, 1909, when the board of trustees of the town of Lapel passed and

adopted a resolution for the improvement of a certain portion of Pendleton avenue in said town. On June 5, 1909, appellants, in writing, filed the first three statutory objections to said improvement. Acts 1909 p. 412, §1. Thereupon such proceedings were had that the clerk of said town filed in the office of the clerk of the Madison circuit court a copy of said order for said improvement, together with the written objections of appellants thereto. The questions thereby presented were in due time submitted to the Madison Circuit Court, and a hearing had, resulting in a judgment, whereby it was ordered by the court that said improvement be made.

From this judgment appellants have perfected an appeal to this court. Appellee has filed a motion to dismiss this appeal, on the ground that this was a special proceeding for the improvement of a certain street, under the act of 1909; that the judgment of the Madison Circuit Court is final, and there is no right of appeal from the decision of that court authorized by law. In the case of *Randolph* v. *City of Indianapolis* (1909), 172 Ind. 510, it was held that ''statutory provisions for the improvement of streets and other highways, and for the assessment of the cost thereof against the property benefited, are special in character, and unless expressly granted no appeal. lies from any action or decision of the board or tribunal conducting such proceedings.'' By §§31, 267 of the act known as the cities and towns act (Acts 1905 p. 219, §§9005, 8961 Burns 1908) the board of town trustees is authorized to pave and otherwise improve the streets of the town, and, unless it is otherwise provided by law, the town has exclusive power over its streets, and may alter, improve and repair them, and §270 of said act (§8965 Burns 1908) makes provision for the method of exercising the authority so granted.

In the case before us said board of trustees, having ordered the improvement of one of the streets of said town,

section one of the act of 1909, *supra,* authorized forty per cent in number of the owners of property abutting on said street, and liable for the cost of such improvement, to file written objections thereto, and provision is made for the submission of such final order and such objections to the circuit court of the county, as was done in this case. It is further provided that after a hearing of the matters thus presented by the court "it may confirm the order of such council or board or sustain the objections thereto, and such order of the court shall be final and conclusive upon all of the parties thereto."

We find no statute, nor has any been pointed out, expressly authorizing an appeal to this court from the order as made by the Madison Circuit Court. It cannot be said that the general provisions of our code authorizing an appeal are applicable to a case like the one before us, when the statute authorizing the proceeding specifically points out the procedure in such cases, and expressly forbids a further appeal by providing that the order of the circuit court shall be "final and conclusive upon all of the parties thereto."

There is no right of appeal in the absence of legislative sanction, and as that right in proceedings of this character does not seem to have been given, but, on the contrary, to have been denied, it follows that appellee's motion to dismiss should be sustained. *Randolph* v. *City of Indianapolis, supra; Evansville, etc., R. Co.* v. *City of Terre Haute* (1903), 161 Ind. 26; *City of Crawfordsville* v. *Brown* (1910), 45 Ind. App. 592.

Appeal dismissed.