## STOCKTON ET AL. *v.* YEOMAN ET AL.

[No. 22,214.    Filed December 13, 1912.    Motion to Reinstate Overruled January 7, 1913.]

1. APPEAL.—*Right of Appeal.*—There is no vested right of appeal, and such right is the subject of legislative discretion, to be given or withheld as the General Assembly sees fit. p. 65.
2. APPEAL.—*Special Proceedings.—Right of Appeal.*—The general right of appeal allowed from final judgments does not apply to special proceedings. p. 65.
3. HIGHWAYS.—*Improvement.—Right of Appeal.*—Statutory provisions for the improvement of streets and other highways, and for the assessment of the costs thereof against the property benefited, are special in character, and, unless expressly granted, no appeal lies from any action or decision of the board or tribunal conducting such proceedings. p. 65.
4. HIGHWAYS.—*Improvement.—Right of Appeal.—Statutes.—Construction.*—In the enactment of the statute providing for the improvement of highways by assessment (§§7694-7704 Burns 1908, Acts 1905 p. 521, §§46-56) the legislature intended to provide an expeditious mode of improving highways, and, it being within the power of the body to determine in what tribunal the proceedings should reach a finality, under its provisions no appeal lies from the decision of a board of commissioners that a proposed improvement should be made, nor does an appeal lie from the decision of the circuit court on the questions that may be presented to it under said act on appeal from the board of commissioners. p. 65.
5. APPEAL.—*Jurisdiction.—Dismissal.*—Lack of jurisdiction to entertain an appeal requires its dismissal. p. 66.

From Jasper Circuit Court; *E. B. Sellers,* Special Judge.

Proceedings instituted before the Board of Commissioners of Jasper County by Reuben C. Yeoman and others for the improvement of a certain highway, against which Almira M. Stockton and others remonstrated. From a judgment of the circuit court against the remonstrants, this appeal is prosecuted. *Appeal dismissed.*

*W. H. Parkinson,* for appellants.

*Frank Foltz, Philip R. Blue* and *George A. Williams,* for appellees.

Cox, J.—This was a proceeding instituted before the board of commissioners of Jasper County for the improvement of a certain public highway in that county with gravel or stone for a length of four and one-half miles, under the provisions of §§46-56 inclusive of the general highway act of 1905 (Acts 1905 p. 521, §§7694-7704 Burns 1908). Appellants and others appeared before the board of commissioners in the proceeding and filed remonstrances against the improvement. After a hearing there was a finding against them and, from the final order of the board confirming the assessments and ordering the improvement made in accordance with the report of the viewers and engineer, they appealed to the circuit court. In that court they were again unsuccessful and from a judgment there establishing the improvement and confirming the assessments, and remanding the proceeding back to the board for the completion of the work, appellants attempt to sustain the appeal to this court.

Appellees contend that the appeal is not only not authorized, but that there is found in the provisions for the improvement of a highway by assessment against the lands benefited, above referred to, under which this proceeding was instituted, a positive withholding of any right of appeal from the judgment of the circuit court therein. This contention is presented by a timely motion to dismiss the appeal.

Section 46, *supra* (§7694 Burns 1908), provides for the presentation to the board of commissioners of a petition for the improvement of an established highway by a majority of the resident landowners whose lands lie within one mile of the proposed improvement, and who will be benefited thereby, and constitute a majority of the acres owned by such residents. It provides for notice of the application for the improvement, and thereafter for the appointment of viewers and a competent engineer to examine and determine whether the proposed improvement will be of public utility or convenience, and whether the costs and expenses thereof

and damages caused thereby will be less than the benefits to lands affected. These viewers are also required to apportion the estimated costs, expenses and damages upon all the lands that will be benefited according to the benefits to be derived from the improvement. Section 47, *supra* (§7695 Burns 1908), provides for a report by the viewers and surveyor on these matters, and notice of a time for a hearing thereon by the board. Section 50, *supra* (§7698 Burns 1908), provides that on or before the day set for the hearing of the report, the owners of any land affected by the proposed work may remonstrate against the report for any or all of the following causes:

"*First.* That the report of the viewers is not according to law, stating specifically the illegality claimed; *Second.* That the lands of the party filing the remonstrance are not benefited, or are assessed too much as compared with other lands assessed as benefited, specifying such lands; *Third.* That the lands of the party filing the remonstrance are damaged, and that the damages assessed are inadequate; *Fourth.* That it is not practicable to accomplish the proposed work without an expense exceeding the aggregate benefits; *Fifth.* That the proposed work will not be of public utility." It is also provided in this section that "the only questions that shall be raised shall be those raised by the remonstrance" and these, it is provided, shall be tried by the board.

Section 56, *supra* (§7704 Burns 1908), relates to appeals from the board to the circuit court and is as follows: "Any person who appeared and filed a remonstrance before the board of commissioners as provided for in section 50 of this act, shall be allowed an appeal to the circuit court, in like manner as other appeals are now allowed; and on such appeal the only question that shall be tried in the circuit court shall be the question raised before the board of commissioners by the first, second or third cause of remonstrance, which questions shall be tried by the court without

a jury. On such trial the report of the viewers shall be *prima facie* evidence of the facts therein contained. If more than one party appeal all such appeals shall be consolidated and tried together, and the rights of each appellant separately determined. If the court find for any appellant upon the first cause of remonstrance the report shall be referred back to the viewers for correction, or for a new report; and if the report as so amended is found to be correct it shall be approved by the court. If the court find for any appellant upon the second or third cause for remonstrance, it may modify and equalize the assessments as justice may require, by diminishing or increasing any assessments or benefits, or by giving or withholding, increasing or diminishing, damages. For the purpose of so ruling upon such causes of remonstrance, and so modifying the assessments, all persons or corporations who are reported as affected, or whose lands are reported as affected, or who are named in the petition as affected, or who have appeared to the petition, shall be deemed to be in court for all purposes, by reason of such appearance or by virtue of the notices theretofore given them; and as thus modified and equalized the assessments shall stand and be adjudged valid. Such judgment of the court shall be final, and no appeal be allowed therefrom. If the assessment upon the lands of any appellant is not reduced twenty per cent or the damages awarded by the board of commissioners are not increased twenty per cent, such appellant shall pay all the costs occasioned by such appeal, but if such assessment be reduced more than twenty per cent, or if the damages be increased more than twenty per cent, then the appellant shall recover costs, and the court shall apportion such costs *pro rata* upon the lands assessed for benefits: *Provided,* That the decision of the board of commissioners as to the fourth and fifth causes for remonstrance shall be final and no appeal shall be allowed therefrom; *And provided, further,* That if any appeal is taken from the board of commissioners to the cir-

cuit court, the bonds hereinbefore provided for shall not issue until after the final judgment of the circuit court on such appeal."

1. It is thoroughly settled that there is no vested right of appeal and that such right is the subject of legislative discretion, to be given or withheld as the General Assembly sees fit. *Lake Erie, etc., R. Co.* v. *Watkins* (1902), 157 Ind. 600, 62 N. E. 443; *Evansville, etc., R. Co.* v. *City of Terre Haute* (1903), 161 Ind. 26, 67 N. E. 686; *Brown* v. *Brown* (1907), 168 Ind. 654, 80 N. E. 535; *Indianapolis Union R. Co.* v. *Waddington* (1907), 169 Ind. 448, 82 N. E. 1030; *Barnes* v. *Wagener* (1907), 169 Ind. 511, 82 N. E. 1037; *Randolph* v. *City of Indianapolis* (1909), 172 Ind. 510, 88 N. E. 949; *City of Indianapolis* v. *L. C. Thompson Mfg. Co.* (1907), 40 Ind. App. 535, 81 N. E. 1156, 82 N. E. 540; *Smith* v. *Long* (1909), 43 Ind. App. 668, 88 N. E. 356; Elliott, App. Proc. §75.

2. It has been held that the general right of appeal allowed from final judgments does not apply to special proceedings, and that statutory provisions for the improvement of streets and other highways, and for

3. the assessment of the costs thereof against the property benefited are special in character, and unless expressly granted, no appeal lies from any action or decision of the board or tribunal conducting such proceedings. *Randolph* v. *City of Indianapolis, supra; Evansville, etc., R. Co.* v. *City of Terre Haute, supra; Hughes* v. *Parker* (1897), 148 Ind. 692, 48 N. E. 243; *Sims* v. *Hines* (1890), 121 Ind. 534, 23 N. E. 515; *Widener* v. *Town of Lapel* (1910), 46 Ind. App. 567, 93 N. E. 240.

Throughout all the above sections of the act of 1905, *supra,* which provide for the improvement of highways by assessment, there is seen the intent on the part of the

4. legislature to provide an expeditious mode of improving highways, which is similar in many ways to the

special proceedings for the improvement of streets in cities and towns. In what tribunal the proceedings should reach a finality was clearly for the legislature to determine. It provided what questions might be tried before the board and that none others should be. Of the five questions on which remonstrators are to have a hearing before the board, it is positively provided that the decision of the board on two of them shall be final and that no appeal shall be allowed therefrom. On the other three questions an appeal is permitted to the circuit court by remonstrators, and these are the only questions which can there be raised or tried. It is manifest that the legislature intended that the decision of the board of commissioners that the improvement should be made should be final. Over that question the circuit court was given no authority. The remonstrators were merely given the right to appeal to that court to have reviewed the questions of the legality and regularity of the report of the viewers and engineer and the assessments of benefits and awards of damages. When the circuit court has discharged that duty at the instance of the appealing remonstrators no appeal is given from its decision of the questions, but, on the contrary, it is provided that its judgment shall be final, and that no appeal shall be allowed therefrom.

We have therefore no jurisdiction to entertain this 5. appeal and it is dismissed.

NOTE.—Reported in 100 N. E. 2. See, also, under (1) 2 Cyc. 517; (2, 3) 2 Cyc. 520; (5) 3 Cyc. 189. As to the constitutionality of statute denying right of appeal from decision of courts in certain classes of cases, see 19 L. R. A. (N. S.) 377.