## CLARKE *v.* CITY OF EVANSVILLE.

[No. 10,560.    Filed May 13, 1921.]

1. **MUNICIPAL CORPORATIONS.**—*Public Improvements.*—*Board of Public Works.*—*Character of Board.*—The board of public works is an administrative body, and a proceeding to improve a street by grading and paving is a special statutory proceeding administrative in character. p. 503.

2. **APPEAL.**—*Appeal From Administrative Board to Court.*—In appeals, so-called, from an administrative board to a court, the word "appeal" is not used in its technical sense. p. 503.

3. **MUNICIPAL CORPORATIONS.** — *Street Improvements.* — *Assessments.*—*Appeal.*—*Duty of Court.*—*Payment on Installment Plan.*—*Statutes.*—The legislature intended that under the provisions of §8716 Burns 1914, Acts 1909 p. 412, the court, on appeal to the circuit or superior court from the assessment made by the board of public works, should fix the amount of the final assessment, and that the amount so fixed should be certified, or in some other manner communicated to such board, and that the board should then place that amount on the final assessment roll, but there was no intention that a citizen thus appealing should lose his right to elect to pay on the installment plan. p. 504.

4. **ACTION.** — *"Summary Proceeding."* — *Nature.* — A "summary proceeding" is a form of trial in which the established course of legal proceedings is disregarded, especially in the matter of trial by jury, and no cause can be tried summarily otherwise than in due course, except perhaps cases of contempt of court, for the Code, as well as the common law, is a stranger to such mode of trial. p. 505.

5. **MUNICIPAL CORPORATIONS.** — *Street Improvements.* — *Assessments.*—*Appeal.*—*"Summarily."*—*Statute.*—The legislature intended that the word "summarily," as used in §8716 Burns 1914, Acts 1909 p. 412, relating to appeals from assessments for street improvements as fixed by the board of public works, should be taken in its ordinary, rather than its technical meaning, and intended thereby to direct that the trial on appeal shall be "reduced into a narrow compass or into few words." p. 505.

6. **MUNICIPAL CORPORATIONS.** — *Street Improvements.* — *Assessments.* — *Appeal.* — *Nature of Action.* — *Statutes.* — An appeal from the assessment for a street improvement, as fixed by the board of public works, under §8716 Burns 1914, Acts 1909 p. 412, is not a civil proceeding within the Code, and it is not a

proceeding known to the common law, and if, by reason of its inherent nature, it is not a civil action, it cannot be made one by mere legislative reference. p. 505.

7. MUNICIPAL CORPORATIONS. — *Street Improvements.* — *Assessments.*—*Appeal.*—*Nature and Scope of Review.*—*Statutes.*— On appeal to the circuit or superior court from an assessment for a street improvement under §8716 Burns 1914, Acts 1909 p. 412, the inquiry is limited to a determination of whether the final assessment exceeds the actual benefit, and in determining the matter any evidence may be adduced which has a legitimate hearing on the controversy, except that the assessment made against the property involved for the purpose of general taxation, which is specifically excluded from consideration by §8711 Burns 1914, Acts 1909 p. 412. p. 506.

8. MUNICIPAL CORPORATIONS. — *Street Improvements.* — *Assessments by Board of Public Works.*—*Nature of Proceedings.*— *Presumptions.*—In making special assessments under §8716 Burns 1914, Acts 1909 p. 412, for the cost of street improvements, the board of public works is exercising the power of taxation, and, because of the very nature of the process, when the board is determining the amount of these assessments it is not engaged in an adversary proceeding, the members of the board representing the landowner as well as the city and all others concerned, and the presumption is that the members of the board have done their duty in a spirit of fairness and to the best of their judgment. p. 506.

9. MUNICIPAL CORPORATIONS. — *Street Improvements.* — *Assessments Made by Board of Public Works.*—*Appeal to Circuit Court.*—*Judgment.*—*Rights of Appeal.*—A property owner assessed for a street improvement who appeals to the circuit or superior court from his assessment under §8716 Burns 1914, Acts 1909 p. 412, as amended by the acts of 1919 (Acts 1919 p. 625), is not entitled to prosecute an appeal from the judgment of such court, where nothing is involved other than the amount of the assessment. p. 506.

10. MUNICIPAL CORPORATIONS. — *Street Improvements.* — *Appeal From Amount of Assessment.*—*Scope of Review.*—*Assessment of Property for More Than Fifty Per Cent of Value.*—*Statutes.* —A violation of §8710 Burns 1914, Acts 1909 p. 236, providing that no contract shall be let for the improvement of any street, etc., the total cost of which shall exceed fifty per cent of the aggregate value of the property subject to be assessed for the payment of the cost of the improvement, if utilized in a proper action seasonably instituted, would result in preventing the improvement, but cannot be made available on appeal from the amount of the assessment. p. 509.

From Vanderburgh Superior Court; *Robert J. Trace-well,* Judge.

Action by Clarence E. Clarke against the City of Evansville. From a judgment for defendant, the plaintiff appeals. *Reversed.*

*O. R. Luhring* and *Edgar Durre,* for appellant.

*James F. Ensle. John R. Brill, Frank H. Hatfield* and *John W. Brady,* for appellee.

DAUSMAN, P. J.—The appellant owned two lots which were assessed on account of street improvement. Being dissatisfied with the amount of the assessments, he appealed to the court below by filing his verified petition and a bond as required by statute. §8716 Burns 1914, Acts 1909 p. 412. In addition to other averments the petition contains the following: "That Lot Number 34 is assessed for taxation, exclusive of improvements, in the sum of $290.00; that Lot Number 12 is assessed for taxation, exclusive of improvements, in the sum of $360.00; that the amount assessed against each lot for the street improvement is more than fifty per-cent. of the assessed valuation; that the assessment against Lot Number 12 for street improvement is excessive in the sum of $132.78; and that the assessment against Lot Number 34 for street improvement is excessive in the sum of $237.34."

The prayer is for a reduction of the assessments. The appellee filed a demurrer to the petition on the ground that it does not state facts sufficient to constitute a cause of action against the defendant. On February 13, 1919, the demurrer was sustained. On March 19, 1919, the petitioner refused to plead further, and thereupon judgment was rendered as follows: "That plaintiff take nothing by his suit; that the assessments against the petitioner's real estate, as made by the board of public works, be and are confirmed; and that the·de-

fendant recover costs from the plaintiff." The error assigned is the action of the court in sustaining the demurrer.

The question of jurisdiction naturally arises and our first duty is to consider that question. Has the petitioner the right to appeal from the action of the Vanderburgh Superior Court? Prior to the amendment of 1909 it was held that the provision of said section of the statute authorizing an appeal from the board to a circuit or superior court did not authorize an appeal from the court, and that the action of the lower court was final. *Randolph* v. *City of Indianapolis* (1909), 172 Ind. 510, 88 N. E. 949; *City of Crawfordsville* v. *Brown* (1910), 45 Ind. App. 592, 91 N. E. 252. We note however that this court entertained an appeal under said section as amended; but the question of jurisdiction was not therein mentioned. *Simon* v. *City of Wabash* (1915), 58 Ind. App. 127, 107 N. E. 738.

The board of public works is an administrative body and a proceeding to improve a street by grading and paving is a special statutory proceeding admin-

1-2. istrative in its character. *Buckingham* v. *Kerr, Treas.* (1918), 68 Ind. App. 290, 120 N. E. 422. In a so-called appeal from an administrative board to a court the word "appeal" is not used in its technical sense. *Hall* v. *Kincaid* (1917), 64 Ind. App. 103, 115 N. E. 361.

In an appeal from a street improvement assessment, the primary question to be determined by the court is whether the assessment ought to be reduced. If the assessment shall be reduced ten per cent. or more, the court is directed by the statute to render judgment against the city and in favor of the petitioner for his costs; and if the assessment be reduced in any amount, the court is directed to render judgment against the city and in favor of the lien-holder for the amount of

the reduction.    Just why the latter provision has been made, we do not know.    The same section of the statute requires that any difference between the aggregate assessments and the contract price "shall be paid by said city in cash out of its general fund."    Here it is pertinent to inquire, Who is the lien-holder?    At this stage of the proceeding (no bonds having been sold) apparently the lien-holder is the contractor; but the contractor is not a party to the appeal.    In no event is the court authorized to render a personal judgment against the petitioner to be collected on execution; for the theory of the street-improvement law is that the real estate alone shall be liable.    There is no occasion for the court to declare a lien on the real estate; for the statute itself makes the assessments, when fixed by the board, liens on the real estate assessed.

We are of the opinion that the legislature intended that the court should fix the amount of the final assessment; that the amount so fixed should be certi-

3.    fied, or in some other manner be communicated to the board of public works; and that the board shall then place the amount on the final assessment roll to be collected as other assessments are collected.    We cannot infer that the legislature intended that by availing himself of the right to appeal, the citizen thereby should lose his right to elect to pay on the installment plan.    *Randolph* v. *City of Indianapolis, supra.*

How, then, is the court to determine whether or not the assessment ought to be reduced?    Before this section was amended, the amount was determined by appraisers appointed by the court.    For that method the following has been substituted:    "Said cause shall be summarily tried by the court without the intervention of a jury as other civil cases."

"Summarily" means "in a summary manner."    Ordinarily "summary" means "reduced into a narrow com-

pass or into few words; short; concise; rapidly performed; quickly executed." Webster's Dictionary. A "summary proceeding" is a form of trial in which the established course of legal proceedings is disregarded, especially in the matter of trial by jury. No cause can be tried summarily (otherwise than in due course), except perhaps cases of contempt of court; for our Code, as well as the common law, is a stranger to such a mode of trial. 2 Bouvier, Law Dictionary 683; 4 Blackstone Comm. 991; *Phillips* v. *Phillips* (1824), 8 N. J. Law (3 Halst.) 150; *Govan* v. *Jackson* (1877), 32 Ark. 553; *Western & A. R. Co.* v. *City of Atlanta* (1901), 113 Ga. 537, 38 S. E. 996, 54 L. R. A. 294. It is evident, therefore, that the legislature intended that the word "summarily" should be taken in its ordinary, rather than its technical meaning; and intended thereby to direct that the trial on appeal shall be "reduced into a narrow compass or into few words;" shall be "short, concise, quickly executed." (Whether the legislature has the power to direct the courts how to conduct their business, in any such fashion as here attempted, is a question not to be overlooked; but it need not now be discussed.) The phrase "without the intervention of a jury" is definite when considered alone, but it is followed by the words "as other civil cases." The implications are that all civil cases are tried without the intervention of a jury and that an appeal under said section is a civil case. We need not discuss the first implication. The second is invalid. Such an appeal is not a civil action within our code. It is not a proceeding known to the common law. If by reason of its inherent nature it is not a civil action, it cannot be made a civil action by mere legislative reference or assumption.

From the entire law governing street improvements it appears that a primary assessment shall be made

against each tract of land abutting on the improved portion of the street in the ratio of the front line of the tract to the total length of the improved portion. The assessment so made is declared to be *prima facie* the special benefit to the land. A hearing is then granted the land-owner, at which evidence may be adduced for the purpose of varying the amount of the assessment. After hearing the evidence, it becomes the duty of the board to fix the *final* assessment in a sum equal to the *actual* benefit to the land. It is from this final action of the board that the land-owner may appeal to the court. On appeal the inquiry is limited to the questions, Does the final assessment exceed the actual benefit? If so, how much? In determining the matter any evidence may be adduced which has a legitimate bearing on the controversy; except the assessment made for the purpose of general taxation, which is specifically excluded from consideration. §8711 Burns 1914, Acts 1905 p. 236.

In making special assessments for the payment of the cost of improving a street, the board is exercising the power of taxation. *Buckingham* v. *Kerr, Treas., supra;* 37 Cyc 711; 1 Page & Jones, Taxation by Special Assessment §8; Judson, Taxation (2d ed.) §392; Cooley, Taxation (2d ed.) 606. Because of the very nature of the process, when the board is determining the amount of these assessments, it is not engaged in an adversary proceeding. The members of the board represent the land-owner as well as the city and all others concerned; and the presumption is that the members of the board have done their duty in a spirit of fairness and to the best of their judgment.

The statute declares that the decision of the board as to benefits "shall be final and conclusive on all parties: Provided, That any owner of any lot * * * shall have the right to take an appeal

to the circuit or superior court of the county in which said city or town is located, by filing his verified petition and giving bond conditioned to pay the cost of the appeal, if the appeal be determined against him. No transcript shall be necessary; but it shall be sufficient to state in the petition the nature of the proceeding with special reference to the description of the land and the amount of the assessment made against it." The only relief granted by the proviso from the rigid and positive language preceding it, is an appeal to the circuit or superior court. The rules of statutory construction will not permit the proviso to be so extended as to authorize the land-owner to prosecute his grievance from the superior court to this court, and from this court to the Supreme Court, where nothing is involved other than the amount of the assessment. See *Stiers* v. *Mundy* (1910), 174 Ind. 651. It becomes clear on consideration of the entire section that the legislature was solicitous for quick action and a prompt final determination of the controversy.

We come now to another feature of the law. In 1919 the section of the statute now under consideration was again amended; but that amendment does not affect the particular matter involved in the case at bar. Acts 1919 p. 625. On the same day that this amendatory act took effect, an original act relating to appeals from boards of public works also became effective. Acts 1919 p. 635. The latter act provides that appeals from a board of public works shall be taken by filing "an original complaint" against the city; that "no pleading shall be required by such city" but the city may demur to the complaint; that the trial shall be by the court without a jury; that "the issues raised by such appeals" shall be tried *de novo;* that the "court shall have the power of its own motion, and it shall be its duty upon motion of either party to view and inspect any district

and real estate and property affected, damaged, benefited, appropriated or taken, and the work or thing proposed or done;" and that the "judgment of such court shall be final, and no appeal shall lie therefrom." In several respects the latter act conflicts with the former, and also purports to repeal "all laws or parts of laws in conflict" therewith.

It should be noted that at the time the demurrer was sustained, the city was not authorized to file a demurrer; and that at the time the judgment was rendered the latter act was in full force and effect, and contains no provision exempting pending litigation.

Now, what ought to be said of such incoherent and slovenly legislation? We will leave the question unanswered. It should be observed, however, that the effect is to distress and burden the citizens of the state.

Having considered both acts, we are of the opinion that if the lower court had permitted the introduction of evidence and thereupon fixed the amount of the assessments, the land-owner then would have no right to appeal. Where nothing more is involved than the amount of the assessment it would be unfortunate for all concerned to permit the delay occasioned by an appeal to this court and a petition for a transfer to the Supreme Court. From all the statutory provisions it appears that the legislature did not so intend. But the record discloses that the land-owner has been denied the right to have the amount of the assessments determined by the court; and it is from the denial of that right that he has appealed. We have said that the proceeding before the board is not an adversary proceeding. Strictly and technically speaking, that is true. But the final determination of the assessments involves the apportionment of the cost of the improvement between the land-owners and the city; and the conflict of interests thus arising is a sufficient basis on which to rest a ju-

dicial inquiry. The power conferred on municipal agencies with respect to street improvements is an extraordinary power. It enables them to appropriate a large part of the value of the real estate within the limited special tax district to the payment of the cost of improvements which are often of much greater benefit to the public generally than to the restricted area on which nearly the entire cost is primarily assessed. From various provisions of the statute, it appears that the legislature regarded the great power thus conferred over one kind of property in a local district as capable of being greatly abused. One of the important rights conferred upon a land-owner, whereby he may guard against an abuse of that power, is the right to have his assessment reviewed by a court. *Mercy Hospital* v. *City of Chicago* (1900), 187 Ill. 400, 58 N. E. 355. It was the duty of the trial court to hear the matter presented by the petition, not summarily, but in a manner consistent with judicial dignity, fairness and propriety.

The statute declares that no contract shall be let for the improvement of any street, alley or public place, in any city of the first, second or third class, the total cost of which shall exceed fifty per cent. of the aggregate value, as fixed for the purpose of general taxation, of the property subject to be assessed for the payment of the cost of the improvement, less the cost of intersections. §8710 Burns 1914, Acts 1905 p. 236. A violation of that provision, if utilized in a proper action seasonably instituted, would result in preventing the improvement; but that feature cannot be made available on appeal from the amount of an assessment. *Buckingham* v. *Kerr, Treas., supra.*

Counsel for the appellee state that the appellant filed in the trial court a brief, whereby he sought to present one proposition only, viz.: that by the terms of the statute no assessment may exceed one-half the value of

the land as fixed for the purpose of general taxation. That brief, however, is not in the record. By his brief filed in this court, the appellant insists that he sought to present the additional proposition that the assessment exceeds the benefit resulting from the improvement. It is to be regretted that appellant's counsel injected the first proposition; but when the petition is considered as a whole, it becomes clear that the only reasonable course is to treat that proposition as foreign to the issue. When that proposition and the averments on which it rests, are eliminated, the petition and bond are then amply sufficient to present the only legitimate question to be presented on appeal. The trial court should have overruled the demurrer or stricken it from the files.

The judgment is reversed, and the trial court is directed to proceed in accordance with this opinion.