KINGAN AND COMPANY, LIMITED, *v.* OSSAM.

[Appellate Court No. 10,270.   Filed May 17, 1921.]

1.   COURTS.—*Appeal from Compensation Award.—Transfer from Appellate Court to Supreme Court.—Statutes.*—An appeal from an award of compensation under the Workmen's Compensation Act (Acts 1915 p. 392, §80201 *et seq.* Burns' Supp. 1918), can not be transferred to the Supreme Court under §1394, cl. 2, Burns 1914, Acts 1901 p. 565, giving the Supreme Court jurisdiction of an appeal where its ruling precedent has been contravened by an opinion of the Appellate Court or where that court has decided a new question of law erroneously, notwithstanding §671 Burns 1914, §632 R. S. 1881, and Constitution, Art. 7, §4, since jurisdiction on an appeal from an award of the Industrial Board is expressly limited to the Appellate Court by §61 of the Workmen's Compensation Act, as amended by Acts 1917 p. 154.   pp. 555, 558.

2. STATUTES.—*Construction.—General Statutes.—Special Statutes.*—General statutes give way to special statutes upon the same subject-matter.   p. 557.

From the Industrial Board of Indiana.

Proceedings for compensation under the Workmen's Compensation Act by Charles Ossam against Kingan and Company, Limited.   From an award for applicant, defendant appealed to the Appellate Court, which affirmed the award, and defendant petitions for transfer of the appeal to the Supreme Court.   *Petition to transfer dismissed.*

*Harold Taylor, Jacob S. White* and *Burrell Wright,* for appellant.

*Walker & Hollett,* for appellee.

TRAVIS, J.—The question presented is the right of transfer from the Appellate Court to the Supreme Court, upon the authority of §1394 Burns 1914, Acts 1901 p. 565, §10, of an appeal from an award made by the Industrial Board to the Appellate Court, authorized by §61 Acts 1915 p. 392, §8020l *et seq.* Burns' Supp. 1918, as amended, §3, Acts 1917 p. 154, §8020s2 Burns' Supp. 1918.

The administration of the matter in controversy was begun under the authority of §58 of the Indiana Workmen's Compensation Act, Acts 1915 p. 392, *supra.*

1.   A hearing was had and award made by the Industrial Board under §59, and a review thereof under §60 of said act, *supra,* which was followed by a review, hearing and award by the Industrial Board under §45 of the act, *supra,* from which last award the employer appealed to the Appellate Court under §61 of said act, *supra.*   The Appellate Court, by its decision, affirmed the award of the Industrial Board, and the employer filed its petition to transfer the mat-

ter to the Supreme Court for decision under clause 2, §1394, *supra.*

The Constitution of Indiana, Art. 7, §4, provides that, "The Supreme Court shall have jurisdiction coextensive with the limits of the state in appeals and writs of error, under such regulations and restrictions as may be prescribed by law."

The very fact that the Constitution of this state created the Supreme Court as a co-ordinate branch of the government of the state is a declaration by that instrument that the right of appeal from *nisi prius* courts shall and does exist; and, as construed by this court, such jurisdiction may not be taken away in all classes of cases, even though such jurisdiction shall be "under such regulations and restrictions as may be prescribed by law." This is, by virtue of its high authority—the Constitution—the general law.

Pursuant to this most general provision, which governs appeals to the Supreme Court, and "under such regulations and restrictions as may be prescribed by law," the legislature has prescribed, that appeals may be taken from the circuit and superior courts to the Supreme Court in certain matters, and under such restrictions as provided by its acts (§671 Burns 1914, §632 R. S. 1881; and §1392 Burns' Supp. 1918, Acts 1915 p. 149) which laws regulate, restrict and prescribe the right of appeal to this court, and is the general law.

It is very urgently contended by counsel for the employer that §1394, *supra,* gives the Supreme Court jurisdiction in this appeal and appeals which arise by virtue of the same law where its ruling precedents have been contravened by an opinion of the Appellate Court, or when a new question of law has been decided erroneously by the Appellate Court, as in any other kind of a case that may come before the Appellate Court.

This law now under consideration—the Workmen's

Compensation Act, *supra*—pronounces what citizens of this state must do, who come within the provisions, in the event of personal injury or death by accident arising out of and in the course of the employment.   The Industrial Board is the administration agency of the state, to aid within the definitions and limitations of the act, in its administration.   Such administration is to have the assistance of the Appellate Court as provided by §61, *supra,* of this act, in matters of law.   The right of appeal given by said §61 is special, applying to matters coming solely within the purview of the Workmen's Compensation Act.

It has been decided by this court that the appellate jurisdiction of the Supreme Court cannot entirely be taken away from it; yet it is recognized that its jurisdiction may not only be enlarged, but that it may be contracted.   *Lake Erie, etc., R. Co.* v. *Watkins* (1902), 157 Ind. 600, 62 N. E. 443.

Even though it be conceded that the Supreme Court has jurisdiction of the subject-matter and of the parties here in question, and of other appeals of the same character, upon petitions to transfer, as provided in clause 2, §1394, *supra,* and that such jurisdiction was assumed under the general law, the court is confronted by the special provision in the act itself relating to appeals, which enactment is special in so far as appellate jurisdiction is concerned, and, as the court believes, limits such appeals to the plain words of the act.

Concerning the construction of statutes, the rule of law obtains in this state that general statutes give way to special statutes upon the same subject-matter.   *Daniels* v. *State* (1898), 150 Ind. 348, 50 N. E. 74; *Stockton* v. *Yeoman* (1912), 179 Ind. 61, 100 N. E. 2.

So, for the sake of the argument, conceding that the Supreme Court may take jurisdiction under said §4,

Art. 7, of the Constitution of Indiana, and §671

1.   Burns 1914, §1392 Burns' Supp. 1918, and §1394

Burns 1914, *supra,* as the general law applicable to the appellate procedure in this case and other cases which originate under the Workmen's Compensation Act, the legislature by special enactment gave appellate jurisdiction in the administration of this act to the Appellate Court. See also, *State, ex rel.* v. *Deupree* (1907), 169 Ind. 279, 82 N. E. 452; *Randolph* v. *City of Indianapolis* (1909), 172 Ind. 510, 88 N. E. 949; *Lane* v. *State* (1860), 16 Ind. 14; *French* v. *Lighty* (1857), 9 Ind. 475; 2 Cyc 522.

There being no right of transfer from the Appellate Court to the Supreme Court in matters of this character, the petition to transfer is dismissed.

Ewbank, J., concurs in the conclusion.