STATE of Indiana, ex rel. Scott NEWMAN, Marion County Prosecutor, Jack Cottey, Marion County Sheriff, and Gilbert L. Holmes, Commissioner, Indiana Bureau of Motor Vehicles, Appellants–Respondents,

v.

Oree WILSON, Appellee–Petitioner.

No. 49A02–9701–CV–27.

Court of Appeals of Indiana.

July 16, 1997.

Scott Newman, Prosecuting Attorney, Nineteenth Judicial Circuit, Deborah L. Law, Deputy Prosecuting Attorney, Indianapolis, for appellants-respondents.

## OPINION

KIRSCH, Judge.

The State appeals the grant of a probationary driver's license to Oree Wilson pursuant to IC 9–30–10–9(b).

We reverse.

## FACTS AND PROCEDURAL HISTORY

In November 1989, the Bureau of Motor Vehicles suspended Oree Wilson's driver's license for ten years, finding him to be a habitual traffic violator because he had accrued three convictions for alcohol-related driving offenses within the prior ten years. In May 1991, he was again convicted of driving while intoxicated. In September 1996,

Wilson petitioned the court for a probationary driver's license, and the court granted his petition.

## DISCUSSION AND DECISION

The State argues that the trial court failed to follow the clear dictate of the statute in granting Wilson's petition for a probationary driver's license. IC 9–30–10–9(b) reads:

"(b) If the court finds that a person:

(1) is a habitual violator under section 4(b) [1] of this chapter;

(2) has not been previously placed on probation under this section by a court;

(3) does not have a judgment for any violation listed in section 4(a) [2] of this chapter;

(4) has had the person's driving privileges suspended under this chapter for at least five (5) consecutive years; and

(5) has not violated the terms of the person's suspension by operating a vehicle;

the court may place the person on probation in accordance with subsection (c). However, if the person has any judgments for operation of a vehicle while intoxicated or with at least ten-hundredths percent (0.10%) alcohol in the blood, the court, before the court places a person on probation under subsection 9(c), must find that the person has successfully fulfilled the requirements of a rehabilitation program certified by the division of mental health."

There is no dispute that Wilson has met the first four requirements and that he has completed a rehabilitation program. The dispute centers on requirement (5). The State contends that the statute requires a petitioner to meet each of the five enumerated requirements and that Wilson is ineligible for a probationary license because he violated the terms of his suspension by operating a vehicle, as evidenced by his 1991 conviction for operating while intoxicated. Wilson has not filed a brief in this proceeding; thus we may reverse upon a determination of prima facie error. *Northern Indiana Pub. Serv.*

---

1. Section 4(b) provides that a person who has accumulated three judgments for any of the enumerated offenses in a ten-year period is a habitual traffic violator.

2. Section 4(a) lists serious traffic offenses, primarily those that result in death or injury.

*Co. v. Dozier,* 674 N.E.2d 977 (Ind.Ct.App. 1996).

When interpreting a statute, the court's foremost objective is to determine and give effect to the legislature's intent. *Spaulding v. International Bakers Services, Inc.,* 550 N.E.2d 307, 309 (Ind.1990). In determining legislative intent, the language of the statute itself must be examined, including the grammatical structure of the clause or sentence at issue and the common and ordinary meaning of the words used. *Foremost Life Ins. Co. v. Department of Ins.,* 274 Ind. 181, 186, 409 N.E.2d 1092, 1096 (1980). Here, the statute lists five requirements joined by "and," thereby demonstrating that each requirement is independent and of equal weight. The trial court's decision ignored the plain language of subsection (5). That subsection unambiguously requires that the petitioner not have violated the terms of his original suspension by operating a vehicle. Wilson's 1991 conviction for operating while intoxicated is clear evidence that Wilson violated the terms of his 1989 ten-year habitual violator suspension. While we recognize that Wilson has demonstrated reformation since his 1991 conviction, we cannot uphold the grant of the probationary license in light of his violation of his 1989 suspension.

Reversed.

FRIEDLANDER and RILEY, JJ., concur.