**Juan OBREGON, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 71A03–9711–CR–397.

Court of Appeals of Indiana.

Dec. 22, 1998.

Deborah K. Hays, Granger, for Appellant–Defendant.

Jeffrey A. Modisett, Attorney General, Kimberly MacDonald, Deputy Attorney General, Indianapolis, for Appellee–Plaintiff.

**1.** This statute has since been repealed and is now

## OPINION

ROBERTSON, Senior Judge.

### STATEMENT OF THE CASE

Defendant–Appellant Juan Obregon appeals the amount of the public defender's fee imposed by the trial court.

We affirm.

### ISSUE

Obregon raises one issue for our review, which we restate as: whether the trial court committed reversible error by imposing a public defender fee in excess of the amount specifically stated in Ind.Code 35–33–7–6.

### FACTS

Obregon was represented by a public defender when he entered a guilty plea to the Class D felony of attempted residential entry. At sentencing the trial court, after questioning the public defender about the amount of time she spent on the case, imposed a public defender fee of $600.00. The trial court then released Obregon's cash bail bond of $1,000.00 subject to court costs and the public defender's fee.

### DISCUSSION AND DECISION

Ind.Code 35–33–7–6(c)(1) provides, in applicable part, for a $100.00 fee for a felony when the trial court finds that a defendant is able to pay part of the representation by assigned counsel. Citing *State ex rel Newman v. Wilson*, 682 N.E.2d 1320, 1322 (Ind. Ct.App.1997), Obregon makes a statutory construction argument asserting that there is no ambiguity in the statute, and that it is subject to but one interpretation, that being the public defender fee can only be $100.00 under the facts of this case.

The State counters Obregon's argument by citing Ind.Code 35–33–8–3.1(b)[1], which states:

Within thirty (30) days after disposition of the charges against the defendant the Court that admitted the defendant to bail shall order the clerk to remit the difference, if any, between the amount of the

found at Ind.Code 35–33–8–3.2.

deposit made under subsection (a)(2) (less the fees retained by the clerk) and the publicly paid costs of representation, if any, to the defendant.

Ind.Code 35–33–8–1.5 defines "publicly paid costs of representation" as that portion of all attorney fees incurred by the county which are directly attributable to the defendant's defense.

We are of the opinion that the State's argument should prevail. The provisions of Ind.Code 35–33–7–6(c) notwithstanding, Ind. Code 35–33–8–3.1 states without ambiguity that publicly paid costs of representation may be deducted from the defendant's cash bond prior to remittance. The facts of this case fit squarely within the latter statute and as a result, the trial court did not err.

Judgment affirmed.

RUCKER, J., concur.

GARRARD, J., concurring in result.

GARRARD, Judge, concurring in result with separate opinion.

IC 35–33–7–6 deals with the determination of indigence of persons requesting assigned counsel. Subsection (c) provides "If the court finds that the person is able to pay part of the cost of representation by assigned counsel, the court shall order the person to pay the following: (1) For a felony action, a fee of one hundred dollars ($100)."

On the other hand, IC 35–33–8–3.1 [repealed and reenacted as 35–33–8–3.2] deals with admission to bail and concerning amounts deposited for bail provides, "Within 30 days after disposition of the charges ... the Court ... shall order the clerk to remit the difference, if any, between the amount of the deposit ... and the publicly paid costs of representation, if any, to the defendant." As the majority points out, IC 35–33–8–1.5 defines the term "publicly paid costs of representation."

When two statutes, such as these, are in apparent conflict, it is generally held that the more specific statute prevails over the more general. *West Clark Comm. Schools v. H.L.K.*, 690 N.E.2d 238 (Ind.1997); *Kingan* & *Co. v. Ossam*, 190 Ind. 554, 131 N.E. 81 (1921).

Here the first quoted statute is general, considering all persons who request appointed counsel. The second is specific dealing with those who have been admitted to bail and bail money.

I believe the second statute properly applies. I, therefore, concur in the result reached by the majority.