State *ex rel.* La Follette *et al.* v. Chicago M. & St. P. Ry. Co. *et al.*

1.   Laws 1897, p. 275, c. 110, § 16, makes it the duty of the Railroad Commissioners, on complaint being made to them, to forward the petition of the complainant to the common carrier, who shall be called upon to satisfy the same or to answer within a reasonable time, specified by the commissioners. Section 17 provides for an investigation after notice as provided by section 16, and a report containing the findings and orders made in the premises. Held that, as a basis for action, the commissioners must call upon the railroads complained against to sat-

isfy the complaint or answer within a specified time; it is not enough that they furnish them copies of the complaints.

2. A proceeding before the Board of Railroad Commissioners to compel intersecting railroads to make transfer connections being purely statutory, the commissioners, in an action to enforce the order made by them, must allege in their complaint the performance of every material condition precedent in the proceeding had before them.

3. An order made by the Railroad Commissioners under Laws 1897, p. 287, c. 110, § 39, providing for the compulsory connection of tracks by intersecting railroads when ordered by the Railroad Commissioners, which did not specify the cost, character, and location of the track to be constructed, or the length, angles, or course thereof, or the proportionate cost to be borne by each company, but merely ordered the railroads to "so unite and connect their tracks" at a certain city as to permit the transfer of cars from one road to the other, was too indefinite to be enforced by mandamus.

(Opinion filed April 7, 1903.)

Appeal from circuit court, Brown county. Hon. A. W. Campbell, Judge.

Mandamus by the state, on the relation of W. T. La Follette and others, constituting the Board of Railway Commissioners of South Dakota, against the Chicago, Milwaukee & St. Paul Railway Company and others. From an order sustaining a demurrer to the complaint, plaintiffs appeal. Affirmed.

*Alva E. Taylor,* Asst. Atty. Gen., and *T. B. McMartin,* for appellants.

The legislature has the power to compel a common carrier to do business in the ordinary and usual way and therefore may compel such interchange of cars as incidental to the business for which the company was chartered. The Supreme Court of Iowa reached the same conclusion in R. R. Co. v. Dye,

48 N. W., 98; A. T. & S. F. R. R. Co. v. Denver & N. O. R. R. Co., 110 U. S., 667; Peoria & P. U. Ry. Co. v. Chicago R. & I. P. Ry. Co., 109 Ill., 135; R. R. Co. v. Smithson, 45 Mich., 712; State v. Wabash S. L. & P. Ry. Co., 83 Mo., 144. Jacobson v. Wis., M. & P. Ry. Co., 74 N. W., which last cited case was affirmed by the United States Supreme Court, and is found in 179 U. S., p. 288.

*Coe 1. Crawford, Porter & King, C. H. Winsor* and *W. E. Dodge,* for respondents.

Section 39 of Chapter 110, Laws of 1897. Such corporations, connecting by intersection as aforesaid, shall also, whenever ordered by the Railroad Commissioners, so unite and connect the tracks of said several corporations as to per mit the transfer from the track of one corporation to the other of loaded or unloaded cars designed for transportation upon both roads."

To be enforceable, the statute should provide that where the roads concerned are unable to agree upon such matters as location, route, construction, material and cost of track, or any other necessary feature of it, the commissioners or some other tribunal should be appointed with power and authority to determine all such matters, and their order should be binding, and furnish the rules and specifications for building the track, Failing to so provide, it is void for uncertainty. The maxim "That is certain which can be made certain," is here unavailing because as we have shown the uncertainty is an incurable defect arising out of the incompleteness of the statute. People Niagara Falls v. N. Y. Central R'y Co., 52 N. Y. Sup. 234; City of Roxbury v. Boston & P. Ry. Co., 2 Gray 460; Old Colony and Fall River R'y. Co. v. Commissioners of Plymouth,

11 Gray 512; State of Kansas v. Mo. Pac. R'y Co., 33 Kan. 176, 5 Pac. 772. To give a board or any tribunal power to order persons or corporations to expend money and part with substantial rights, arbitrarily without notice, is to transcend the protection of the constitution, which declares that ·no person shall be deprived of liberty or property without due process of law. Evans v. Fall River Co. 9 S. D. 130; Turner v. Hand Co. 11 S. D. 351; Hutson v. Woorbridge Protection District et. al. 16 Pac. 549; Stuart v. Palmer, 74 N. Y. 183; Spencer v. Merchant, 8 U. S. Supreme Court Rept. 921; Griswold College v. City of Davenport (Ia.) 22 N. W. Rptr. 904; Brown v. City of Denver, 3 Pac. R. 455; Aner v. City of Dubuque, 22 N. W. 914; State ex rel Flint v. Fond du Lac, 42 Wis. 295.

FULLER, J. By this appeal we are called upon to review the action of the trial court in sustaining a demurrer to a complaint containing, in substance, the following allegations: That plaintiffs constitute the duly elected, qualified, and acting Board of Railway Commissioners of this state, and the defendants are duly organized railroad corporations, each owning and operating a line of railway in and through the city of Aberdeen, within which all such lines meet and cross each other at grade, and practically at the same point. That there are no track connections or facilities for the interchange of cars from one road to another, and, in order to transfer freight at the city of Aberdeen, it is necessary to unload and reload the same, at great expense to the patrons of said railroads. That some time in the summer of 1899 complaint was made by certain citizens of the state of South Dakota of the condition of the affairs above set out, and of the failure of said companies

to provide facilities for transferring loaded and unloaded cars from one railway to another; said complaint being filed in the usual manner, and in the manner provided by law, with the Railway Commissioners of the state of South Dakota; and that afterwards the said complaint, or copies thereof, was furnished to the defendants herein, and each of them, and after waiting a reasonable length of time, and the said railway companies still failing and refusing to provide the necessary means of transferring as aforesaid, a hearing was ordered by the said Board of Railroad Commissioners at the city of Aberdeen, South Dakota, on the 29th day of August, 1899, at which time and place each of the said defendants appeared by their attorneys; also there appeared before the said Board of Railway Commissioners certain citizens of Aberdeen, and other citizens of the county of Brown and state of South Dakota, who were interested in the said matter, and the said parties offered testimony, which was received by the said Board of Railway Commissioners, and the said Board of Railway Commissioners further made a personal inspection of the point of intersection of the several lines of railway as aforesaid. Entirely consistent with the foregoing allegations, the Board of Railway Commissioners thereupon made certain findings of fact, all of which are set out as a part of the complaint, together with its final order, as follows: "Now, therefore, it is ordered that the Great Northern Railroad Company and the Chicago & Northwestern Railroad Company and Chicago, Milwaukee & St. Paul Railway Company so unite and connect their tracks at the city of Aberdeen, South Dakota, as to permit the transfer from the track of one of such corporations to the other of loaded or unloaded cars designed for transfer upon both roads.

Each of the foregoing orders to be complied with by May 1, 1900." After alleging service of this order by copy upon each of the defendants, and their failure and refusal to comply therewith, the complaint concludes as follows: "Wherefore plaintiff demands that the said defendants, and each of them, be required forthwith to comply with the order of the Railroad Commissioners hereinbefore set out, and that the plaintiff have all the remedies provided by law for the enforcement of said order in the premises, and that the court enforce the order of the said Railroad Commissioners in the manner provided by law, and for such other and further relief in the premises as may be just." The demurrer to the foregoing complaint, which was in all things sustained by the court below, is as follows: "(1) The said complaint does not state facts sufficient to constitute a cause of action against the defendants. (2) It is manifest upon the face of said complaint that the order of the relators therein set forth as the basis of this action is without force or effect, for the following reasons, to wit: First. The relators had no power, jurisdiction, or authority to make the same. (2) Said order does not specify or fix any particular location for the transfer track required, nor determine its point of beginning, intermediate route, and ending; its length, angles, curves, or its gauge. It does not specify the kind of rails, ties, and ballast to be used, the kind of trestlework, culverts, and bridges, should any be necessary, or the amount of money to be expended for such a track. It does not describe the particular land over which the said transfer track or tracks is to be built, nor who is the owner thereof, nor how the title to the same is to be obtained for such purpose. It provides no tribunal to determine the differences arising between the de-

fendants in regard to any of the foregoing matters, and is void for uncertainty. The plaintiff has no authority under the statutes to prosecute this suit."

By section 16 of chapter 110 p. 275, Laws 1897—the statute under which this proceeding was instituted—it is expressly made the duty of the commissioners, when any one has complained as in this case, to forward the petition of the complainant to the common carrier, who shall be called upon to satisfy the complaint, or to answer the same in writing within a reasonable time, to be specified by the commissioners." This requirement as to demand and notice is not satisfied by the mere act of "furnishing the defendants, and each of them, the complaint, or copies thereof," without calling upon them to satisfy the same or to answer in writing within a specified time, considered reasonable by the commissioners; and in that regard the allegations of the complaint before us are insufficient. Every doubt is removed as to the correctness of this view by section 17 of the act, which provides that "whenever an investigation shall be made by said commissioners, after notice as provided by section 16 of this act, it shall be their duty to make a report in writing in respect thereto,, which shall include the findings of fact upon which the conclusions of the commisssoners are based, together with its or their recommendations or orders as to what reparation, if any, should be made by the common carrier to any party or parties who may be found to have been injured." It is therefore obvious that the common carrier must be called upon to satisfy the initiatory petition of the complainant, or, to answer the same in writing, within a reasonable time, to be specified in the notice, before the investigation culminating in the findings of fact and

order made the basis of this action can lawfully take place. The proceeding being purely statutory, the commissioners must bring themselves within its terms, and allege the performance of every material condition precedent. Oswald v. Moran (N. D.) 77 N. W. 281; Old Colony & F. & R. R'y. Co. v. Commissioners, 11 Gray, 512. In the case of Board of Railroad Commissioners v. R'y. & Nav. Co., 19 Pac., at page 706, the Supreme Court of Oregon say: "The jurisdiction of such commissions is not given by implication. Commissions of that character are mere creatures of the statute, and possess no power except what the statute expressly confers upon them." Even in tax proceedings, summary, of necessity, in their nature, notice is universally held to be essential to "due process of law." Evans v. Fall River County, 9 S. D. 130, 68 N. W. 195; Cooley on Taxation, p. 363.

The authority upon which the Board of Railway Commissioners based its order that the defendants "do unite and connect their tracks at the city of Aberdeen, South Dakota," is contained in section 39 of the act, as follows: "Such corporations, connecting by intersection as aforesaid, shall also, whenever ordered by the Railroad Commissioners, so unite and connect the tracks of said several corporations as to permit the transfer from the track of one corporation to the other of loaded or unloaded cars designed for transportation upon both roads." Laws 1897, p. 287, c. 110. The necessity of making the order specific as to the aggregate cost, character of material, and particular location of the track to be constructed, including its length, angles, curves, and the amount of money to be expended by each company in its construction, is very apparent from the far-reaching effect of the requirement and the

evident fact that the several companies could not readily agree upon so many details immediately affecting their material interests.   Absolute certainty in the foregoing and other particulars would seem essential to an order  enforceable  by  a  pro-. ceeding in the nature of mandamus, and especially so when for each day's failure to comply therewith a fine of $25 may be imposed upon each company, together  with  a  forfeiture  of  its franchise or privilege to do business within this state.  Thus in the case of City of Roxbury v. B, & P. Ry. Co., 2 Gray, 460, the court say: "An order of county commissioners, passed on the petition of mayor and alderman  or selectmen, under St. 1842, c. 22, which determines that the raising of a highway at a place named, where it is crossed by a railroad on a level, so as to pass over the railroad, is necessary for the security of the public, without defining the height above the railroad to which the highway shall be raised, the grade of the ascent, the mode and material of the structure, or the time within which it shall be made, is too indefinite to be specifically enforced by this court in equity."   So an adjudication by county commissioners requiring the construction of a highway across a railroad, which does not state whether the highway is to be carried over or under or on a level with the railroad, is void for uncertainty. Old Colony & F. & R. Ry. Co. v. Commissioners,  supra.   All material details must be determined by the Board of Railroad Commissioners before they can compel different railroad companies to unite and  connect their  tracks  at points of intersection.   People ex rel. City of Niagara Falls v. N. Y. Cent. & H. R. R. Co. (Sup.) 52 N. Y. Supp. 234.

As the trial court rightfully found the order under consideration to be too vague and indefinite to sustain an action for

its enforcement, it is needless to consider the scope of statutory power granted the commissioners. The order appealed from is affirmed.