NOVEMBER TERM, 1921. 627

New York Central R. Co. *v.* Public Service Com.—191 Ind. 627.

NEW YORK CENTRAL RAILROAD COMPANY *v.* PUBLIC
SERVICE COMMISSION OF INDIANA ET AL.

[No. 23,900. Filed February 23, 1922.]

1. PUBLIC SERVICE COMMISSIONS.—*Actions to Set Aside Orders.
—Time for Commencing.—Statutes.*—Where the Public Serv-
ice Commission made the order complained of on December 14,
and on January 2, following a petition for a rehearing before
the commission was filed, and on January 17, the petition was
overruled and a final order made, and on January 30, the com-
plaint was filed in the circuit court in an action to set aside the
final order of the commission, such action was brought within
twenty days after the issuing of the final order, as required by
§5536 Burns 1914, Acts 1905 p. 83. p. 630.

2. PUBLIC SERVICE COMMISSIONS.—*Orders.—Refusal of Rehear-
ing.—Appeal to Court.—Motion to Modify Order.*—After an or-
der of the Public Service Commission requiring two railroads
to construct a connecting track, which order was attacked as
failing to comply with the statutes in that it was incomplete
and uncertain, and after the commission's refusal to grant a
rehearing the railroad company complaining was not prevented
from appealing to the proper court for relief against the order
because it did not file a motion before the commission to make
the order more definite and certain. p. 631.

3. PUBLIC SERVICE COMMISSIONS.—*Orders.—Appeal to Court.—
Judgment Affirming Order.—Motion to Modify.*—Under §5536
Burns 1914, Acts 1913 p. 820, providing that a party dissatis-
fied with any final order made by the Public Service Commis-
sion may, within twenty days from the ruling on the petition
for rehearing, begin an action against the commission in any
court of competent jurisdiction to suspend or set aside the or-
der, it was not necessary for a railroad company attacking
an order of the commission to move to modify the judgment of
the superior court affirming the order, since that court could
only set aside or suspend the order. p. 632.

4. PUBLIC SERVICE COMMISSIONS.—*Powers.—Statutory Origin.—
Delegation of Powers.*—Powers of the Public Service Commis-
sion are created and its duties defined by statute, the manner
of the exercise of the power prescribed being the measure of
the power granted, and, when the commission is authorized to
do a certain thing, the duty is imposed on it by statute to do it,
and it has no authority to delegate its power to another. p. 635.

5. RAILROADS.—*Public Service Commission Order to Construct
Tracks.—Sufficiency.—Certainty.*—Under §5533 Burns' Supp.
1918, Acts 1917 p. 118, requiring the Public Service Commis-

628    SUPREME COURT OF INDIANA,

New York Central R. Co. *v.* Public Service Com.—191 Ind. 627.

sion, by its order for the construction and maintenance of interchange tracks and switches at the junction of railroads, to determine and define the manner in which the crossing shall be made and thereafter maintained, and the manner in which the work shall be performed, and by whom and within what time, an order by the commission by which railroads were not restricted as to the time, place or manner of making such crossing, or thereafter maintaining it, except that they were required to construct and maintain proper interchange tracks, *held* void as being an attempt by the commission to confer on the railroads its power to determine whether the construction and maintenance of such tracks was proper. p. 635.

From Laporte Superior Court; *Harry L. Crumpacker,* Judge.

Action by the New York Central Railroad Company against the Public Service Commission of Indiana in which the Chicago, Lake Shore and South Bend Railway company obtained leave to become a party defendant. From a judgment for defendants, the plaintiff appeals. *Reversed.*

*Schuyler C. Hubbell, Bertrand Walker* and *Sidney C. Murray,* for appellant.

*U. S. Lesh,* Attorney-General, and *F. J. Lewis Meyer,* for appellees.

WILLOUGHBY, J.—This action was commenced by the appellant, the New York Central Railroad Company, against the appellee, the Public Service Commission of Indiana, in the St. Joseph Circuit Court, to set aside a certain order of the Public Service Commission. The action was brought under §6 of the Railroad Commission Act. §5536 Burns 1914, Acts 1913 p. 820.

The appellee, Chicago, Lake Shore and South Bend Railway Company, applied for and obtained leave to become a party defendant and on motion of last named appellee, the Chicago, Lake Shore and South Bend Railway Company, the venue of this action was changed to the Laporte Superior Court.

NOVEMBER TERM, 1921. 629

New York Central R. Co. v. Public Service Com.—191 Ind. 627.

The case was submitted and tried by the court upon the amended complaint of appellant and the answer in general denial of appellee. The amended complaint alleges in substance that on December 14, 1917, the Public Service Commission of Indiana entered an order requiring the New York Central Railroad Company and the Chicago, Lake Shore and South Bend Railway Company to construct and maintain interchange tracks and switches at the junction of their railroads in the city of South Bend, Indiana, so that car-load traffic moving intrastate may be conveniently interchanged between said carriers at said point of junction.

The amended complaint also alleges in substance that the equipment and the car-load freight of the Chicago, Lake Shore and South Bend Railway Company are not sufficient to justify said interchange tracks; that said interchange tracks would seriously impair the operation of the New York Central Railroad; that said interchange tracks would not serve any public necessity; that the order of the Public Service Commission requires the New York Central Railroad Company and the Chicago, Lake Shore and South Bend Railway Company to construct said interchange tracks across the right of way and tracks of another railroad company, the Chicago, South Bend and Northern Indiana Railway Company, which right of way and tracks are adjacent to and lie between the right of way and tracks of the Chicago, Lake Shore and South Bend Railway Company and of the New York Central Railroad Company; that the New York Central Railroad Company has no right of way across said right of way and tracks of the Chicago, South Bend and Northern Indiana Railway Company which would permit the construction and operation of said interchange tracks in accordance with said order; that the commission has no power to grant to the New York Central Railroad Company and to the

Chicago, Lake Shore and South Bend Railway Company the right to construct interchange tracks across said right of way and tracks of the Chicago, South Bend and Northern Indiana Railway Company; that the order is void and incapable of performance, because it is indefinite, vague and unintelligible in setting forth the measure of the duty of the New York Central Railroad Company in respect thereto; that the order is arbitrary, unreasonable, beyond the jurisdiction of the commission, denies to the New York Central Railroad Company the equal protection of the laws, deprives it of its property without due process of law and violates specified statutory and constitutional rights of the New York Central Railroad Company, both under the statutes and Constitution of Indiana, and under the statutes and Constitution of the United States of America.

The case was tried in the Laporte Superior Court and the court entered a decision and judgment affirming the order of the Public Service Commission of Indiana.

A motion for a new trial was filed and overruled. The appellant appealed from said judgment and assigned as error, "The court erred in overruling appellant's motion for new trial." The specifications of error alleged by appellant under this motion are: (1) The decision of the court is not sustained by sufficient evidence; (2) the decision of the court is contrary to law.

Appellee claims that the action to set aside the order of the Public Service Commission was not commenced within twenty days after the final order, and 1. therefore the trial court had no jurisdiction of the case and this court has no jurisdiction on appeal. The record, as amended by the return to a writ of *certiorari*, shows that the Public Service Commission made the order complained of on December 14, 1917; that on January 2, 1918, a petition for a rehearing be-

NOVEMBER TERM, 1921. 631

New York Central R. Co. *v.* Public Service Com.—191 Ind. 627.

fore said commission was filed, and on January 17, 1918, the petition was overruled and the final order of the commission then made; and that on January 30, 1918, the complaint was filed in the St. Joseph Circuit Court and summons served on February 1, 1918. The action was commenced in time. §5536 Burns 1914, *supra.*

The brief of the appellant confines its discussion solely to the legal right of the commission to order the appellant to construct interchange tracks over and upon the tracks and right of way of the Chicago, South Bend and Northern Indiana Railway Company without the proper statutory procedure, and to the terms of the order of the commission, which the appellant claims are incomplete, uncertain, unenforcible and void, and the questions thus raised by appellant's brief are the only ones considered in this opinion.

The appellee contends that the appellant should have made a motion to make the order of the Public Service Commission more definite. In its brief it says 2. the order of the commission to join with the appellee in establishing interchange tracks at the junction with that of appellant is right under the law, and within the limits of the jurisdiction of the Public Service Commission. The details under which and pursuant to which this might be accomplished is a matter, if not sufficiently definite, that can be made so by motion to modify the order. This was the duty of the appellant to do, and to exhaust all the remedies that he had at law before making this application. Appellee cites *Chicago, etc., R. Co.* v. *Railroad Com., etc.* (1911), 175 Ind. 630, 95 N. E. 364 on this point. On page 638 of said report the court says: "The commission has full power to grant relief as to the inadequacy of facilities on the public delivery tracks. Appellant has made no application to the commission for such relief. The uncontradicted evidence does not show that appellant's

facilities are insufficient for switching cars destined to industries on the private tracks, and consequently the lower court did not err in failing to make any finding in regard to lack of track facilities."

The court in that case further says that the statutes provide that " 'the commission shall have authority to grant rehearings in any case in which it has made a final order, or to alter, change or modify any final order made by it.' This section vests unlimited power in the commission to vacate, alter, change or modify any order, and thus to correct its own errors, and we perceive no good reason why the courts should be appealed to, in the first instance, to grant the relief that is within the power of the commission to give."

It appears from the record in the instant case that the appellant did apply to the Public Service Commission to grant a rehearing and such petition for rehearing was overruled. Afterwards, within the time allowed by law, it filed an action in the St. Joseph Circuit Court to suspend or set aside the order. It will thus be seen that appellant did do the thing which was required under the decision cited by appellee, and relief was refused. He therefore had a right, as he did do, to go into the St. Joseph Circuit Court for relief. It was not necessary for the appellant to make a motion to 3. modify the judgment entered in the Laporte Superior Court. Section 5536 Burns 1914, *supra*, provides that, "any carrier or other party dissatisfied with any final order made by the commission may after its ruling on a petition for rehearing, within twenty days from the ruling on such petition for rehearing, begin an action against the commission in any court of competent jurisdiction in any county in this state into or through which any such carrier operates, to suspend or set aside any such order." The jurisdiction of the superior court was limited to the power to set aside

NOVEMBER TERM, 1921. 633

New York Central R. Co. *v.* Public Service Com.—191 Ind. 627.

or suspend the order of the Public Service Commission but it could not amend or modify such order.

The order of the Public Service Commission, after setting out a part of the statutes governing the case and a part of the evidence, is as follows:

> "It is therefore ordered by the Public Service Commission of Indiana that the petitioner and respondent be and they are hereby required to construct and maintain proper interchange tracks and switches at the junction of their railroads in the city of South Bend, Indiana, so that carload traffic moving in intrastate traffic may be conveniently interchanged between said carriers at said point. In event that said connecting carriers cannot agree as to the expense of making and maintaining such facilities or tracks, either party may apply to this commission to determine the division of said expense."

The statutes under which the Public Service Commission derives its power to act, are found in Acts of 1917 p. 118, §5533 Burns' Supp. 1918. Also §10052d Burns 1914, Acts 1913 p. 167. The statute provides as follows:

"The power and authority is hereby vested in the railroad commission of Indiana, and it is hereby made its duty as hereinafter provided to supervise all railroad freight and passenger tariffs, and to adopt all necessary rules and regulations to govern car distribution and delivery, train service and accommodations and demurrage rules and charges and for car service or the transfer and switching of cars from one railroad to another at junction points, or where entering the same city or town, and to supervise charges therefor; to require and supervise the location and construction of sidings and connections between railroads; to supervise the crossing of the tracks and sidetracks of railroads by other railroads now in process of construction or extension, and to prescribe the terms and conditions and manner

in which such crossings shall be made; and the character thereof, whether at grade or over or under grade, * * *.

"All such carriers, handling freight in carload lots, at all points in this state, where they connect with, or cross at, over or under grade, the line or lines of any one or more carriers engaged in like business, shall construct and maintain proper interchange tracks and switches at all such points so that carload traffic may be conveniently interchanged between such carriers at such points, and for the purpose of enabling such carriers to comply with this requirement they are empowered to jointly purchase and own, or appropriate under the present or future laws of this state concerning the exercise of the powers of eminent domain, any additional lands or property necessary to enable them to comply with this requirement: *Provided,* That upon a sufficient showing the commission may relieve any such carrier from the operation of this provision until such time as the necessity therefor shall arise. * * *

"No such carrier shall hereafter construct a line of railroad across another line of railroad in this state without the approval of such commission, nor until an application therefor, and an instrument of appropriation to acquire such rights has been filed with the commission and notice given to the connecting lines and a hearing thereon had. Full power and authority are given to the commission in any such proceedings to determine in what manner and at what point any such crossing shall be made, and whether the crossing shall be at grade, or over or under grade. When the commission determines the place and manner of crossing it shall determine the damages, if any, which the junior line shall pay to the senior line, or lines, for the privilege of crossing. The commission, by its order, shall determine and define the manner in which the crossing

NOVEMBER TERM, 1921.      635

New York Central R. Co. v. Public Service Com.—191 Ind. 627.

shall be made,—and thereafter maintained, and the manner in which the expense thereof shall be apportioned between the connecting lines, and in what manner the work shall be performed, and by whom and within what time, and such other matters as may be necessary to fully determine the controversy between the parties; and thereupon the junior line, upon the payment, or tender, of the damages so awarded, may proceed with the construction of such crossing in accordance with the order of the commission. In case any such crossing shall be on a street in any city or incorporated town in this state then the order of the commission concerning the same shall not become operative until the common council of such city, or the board of trustees of such town, shall consent thereto by resolution duly enacted."

In this state it has been held that the State Board of Tax Commissioners is a body of special statutory powers, and acts outside of its granted powers are absolutely void. *State Board Tax Comrs.* v. *Belt R., etc., Co.* (1921), *ante* 282, 130 N. E. 641, and cases there cited.

The same rule holds as to the Public Service Commission. It is created and its duties defined by statute. Its powers and duties are conferred and limited

4. by the statute, and where power is given it to do a certain thing in a certain manner, the manner prescribed is the measure of the power given. When it is given authority to do a certain thing, the duty is imposed on it by statute to do such thing, and it has no authority to delegate its power to any one else.

In Acts 1917 p. 118, §5533 Burns' Supp. 1918, the powers and duties of such commission in the matters involved in the instant suit, are clearly and ex-

5. plicitly set forth. There has been no attempt on the part of the commission to comply with the provisions of §5533 Burns' Supp. 1918, *supra*, but the

636    SUPREME COURT OF INDIANA,

New York Central R. Co. *v.* Public Service Com.—191 Ind. 627.

railroads are ordered to make the connection and, so far as the order of the commission is concerned, they are not restricted as to time, place or manner of making such crossing, or of thereafter maintaining it, except that they are required to construct and maintain *proper* interchange tracks. The statute requires the commission, by its order, to determine and define the manner in which the crossing shall be made and thereafter maintained, and in what manner the work shall be performed, and by whom; and within what time. The performance of these duties is enjoined by statute, and it is not within the power of the commission to delegate these duties to anyone else. The commission cannot confer on the railroads the power to determine whether the construction and maintenance of interchange tracks are proper.

The appellees in support of their contention cite *Pittsburgh, etc., R. Co.* v. *Railroad Com., etc.* (1908) 171 Ind. 189, 86 N. E. 328 and say that "all of the questions urged in the instant case were decided adversely by our Supreme Court to the contention of appellant here."

*Pittsburgh, etc., R. Co.* v. *Railroad Com., etc., supra,* was a case in which the appellant railroad company was ordered by the commission to construct an interchange track. The order made in that case is set out in full in the opinion, 171 Ind., beginning on page 192. An examination of such order shows that it is not open to the objections urged against the order in the instant case. The order in that case is instructive, in that it shows that the requirements of the statute under which the commission derives its power to act in the instant case were complied with.

In *State* v. *Chicago, etc., R. Co.* (1920), 46 N. D. 313, 179 N. W. 381, the court says: "It is elementary that the Board of Railroad Commissioners possesses only the

authority conferred upon it by the Constitution and statutes of the state, and its action therefore concerning any subject matter within its jurisdiction to be valid must be in substantial conformity with the statutes governing its procedure, and must be consonant with due process of law." See *Oregon R. Co. v. Fairchild* (1912), 224 U. S. 510; *Railroad Comrs.* v. *Railway, etc.* (1888), 17 Ore. 65, 19 Pac. 702.

In *Railroad Comrs.* v. *Railway, etc., supra,* the court holds that a power conferred by the legislature upon a board of commissioners required to be exercised with reference to the affairs of certain corporations, will not be extended by implication, and the acts which the board attempts to do under the power, will not be upheld unless the authority to do them is affirmatively shown to be included in it. In that case the court said (see p. 707), "It has for a very long time been considered the safer and better rule in determining questions of jurisdiction of boards and officers, exercising power delegated to them by the legislature, to hold that their authority must affirmatively appear from the commission under which they claim to act."

We hold the order in the instant case is ineffective and void, for failure to comply with the provisions of the statute, and therefore contrary to law. As sustaining this view. See *State* v. *Chicago, etc., R. Co., supra; Railroad Comrs.* v. *Railway, etc., supra; State* v. *Chicago, etc., R. Co.* (1903), 16 S. Dak. 517, 94 N. W. 406; *Old Colony & Fall River R. Co.* v. *County Comrs.* (1858), 11 Gray 512; *City of Roxbury* v. *Boston & Providence R. Corp.* (1854), 2 Gray 460.

Judgment reversed, with instructions to sustain appellant's motion for a new trial.