## McCARDLE ET AL. v. BOARD, ETC.

[No. 24,122. Filed October 17, 1924.]

1. RAILROADS.—*Grade Crossing Act.—Implied Repeal of Section.*—Railroad Commission Act §6 as amended by §1, ch. 306, Acts 1913 p. 820 (§5536 Burns 1914) being inconsistent with §9 of the Grade Crossing Act, Acts 1913 p. 508 (§5556i Burns 1914) and being the last expression of the legislature repealed the latter section by implication. p. 284.

2. PUBLIC SERVICE COMMISSIONS.—*Jurisdiction.—Commissions.*—Railroad Commission Act §6, as amended by §1, ch. 306, Acts 1913 p. 820 (§5536 Burns 1914) provides the exclusive procedure before the Public Service Commission concerning orders, rehearings and rulings thereon, and the right of action against such board to suspend or set aside any such final orders. p. 284.

3. PUBLIC SERVICE COMMISSIONS.—*Order of Commission.—Petition for Rehearing.—Prerequisite to Suit.*—Where petition for rehearing was not filed within twenty days after entry of order by the Public Service Commission, as required by §6 of the Railroad Commission Act, as amended by §1, ch. 306, Acts 1913 p. 820 (§5536 Burns 1914), suit to vacate the order will not lie. p. 284.

4. PUBLIC SERVICE COMMISSIONS.—*Judgment of Circuit Court on Appeal from Commission.—Statutory Limitation.*—On appeal from an order of the Public Service Commission the circuit court cannot afford affirmative relief in view of §6 of Railroad Commission Act as amended by §1, ch. 306, Acts 1913 p. 820 (§5536 Burns 1914) limiting the court to judgments to suspend or set aside the order of the commission. p. 284.

5. APPEAL.—*Record.—Failure to Move to Strike Out Objectionable Part of Judgment.*—Where no motion was made to strike out the objectionable part of a judgment no question for decision is presented on review. p. 285.

From Marion Circuit Court (34,589); *Harry O. Chamberlain*, Judge.

Action by the board of commissioners of the county of Marion against John W. McCardle, Glen Van Auken, George M. Barnard, Maurice Douglass, Edgar M. Blessing, as the Public Service Commission of Indiana, Lake Erie and Western Railroad Company. From judgment for the plaintiff, the defendants appeal. *Reversed.*

*U. S. Lesh,* Attorney-General, *Edward M. White,* Assistant Attorney-General, *John B. Cockrum, Samuel D. Miller, Frank C. Dailey, William H. Thompson* and *Albert L. Rabb,* for appellants.

*John C. Ruckelshaus* and *William V. Rooker,* for appellee.

TRAVIS, J.—This suit was instituted by appellee against appellants, praying that appellant Public Service Commission be adjudged and ordered to vacate its order, made June 24, 1921, denying the relief asked by appellee in the matter of its petition for the separation of the grades of two certain public highways and the railroad of appellant Lake Erie and Western Railroad Company, and for the consolidation of the two highway crossings, and in lieu thereof that the Public Service Commission enter an order sustaining the said petition, and to grant the prayer thereof, and order the consolidation of the two said highway crossings, and the separation of the grades of the public highways from the grade of the railroad.

Appellants' joint demurrer to appellee's complaint, that the circuit court had no jurisdiction of the persons of the defendants or of the subject-matter of the action, was overruled; and appellants refusing to plead over, judgment was rendered in favor of appellee and against defendants, granting the relief prayed for by appellee, from which judgment appellants appeal.

Appellee's petition filed with the appellant Public Service Commission, was based upon the Grade Cross-

ings Act (ch. 182, Acts 1913 p. 508, §5556a Burns 1914). The Public Service Commission made its order denying the relief asked in the petition June 24, 1921, and the complaint in this suit was filed July 22, 1921.

The errors assigned jointly and separately are that the court erred, (a) in overruling appellants' demurrer to appellee's complaint; and (b) in rendering judgment in favor of appellee and against appellants.

The principal question in this case is whether §9 of ch. 182, known as the Grade Crossings Act (Acts 1913 p. 508, §5556i Burns 1914), is repealed by implication by §6 of the Railroad Commission Act, as amended by §1, ch. 306, Acts 1913 p. 820 (§5536 Burns 1914).

Authority to separate the grades of highways and railroads and to consolidate grade crossings exists by virtue of the Grade Crossings Act, and was by the same act vested in the Railroad Commission (§§5556a-5556j Burns 1914, *supra*). In 1913 this authority was transferred to the Public Service Commission and the Railroad Commission abolished by §4 of the Public Service Commission Act (§10052d Burns 1914, Acts 1913 p. 167).

This action is a special one, which, as claimed by appellee, exists and is controlled by, said §9 of the Grade Crossings Act, and appellants say the action is a special one, but contend that such right of action exists and is controlled by amended §6 of the Railroad Commission Act. The Grade Crossings Act and said amended §6 of the Railroad Commission Act were passed at the same session of the legislature, and approved the eleventh and fifteenth days of March, 1913, respectively, and both acts came into effect at the same time, to wit: upon the proclamation of the Governor April 30, 1913.

Amended §6 of the Railroad Commission Act provides an exclusive procedure for the commission to reach a decision and to make its final order, as does

also §9 of the Grade Crossings Act. Amended §6 of the Railroad Commission Act was the last expression of the legislature upon the subject of the two sections of the two acts, and in the opinion of the court is incompatible with §9 of the Grade Crossings Act. The rule is that the last expression of the legislature shall control. It is also the rule that when a new statute was intended to furnish the exclusive rule on a certain subject, it will repeal by implication the older act upon the same subject. *Findling* v. *Foster* (1907), 170 Ind. 325; 1 Lewis' Sutherland, Statutory Construction (2d ed.) §§267, 281 (160).

The court holds that amended §6 of the Railroad Commission Act, ch. 306, Acts 1913 p. 820, *supra*, repeals §9 of the Grade Crossings Act, ch. 182, Acts 1913 p. 508, *supra*; and also holds that said amended §6 provides the exclusive procedure before the Public Service Commission concerning orders, rehearings and rulings thereon, and the right of action against such board to suspend or set aside any such final orders.

Appellee in this case filed this action in the court below on the twenty-eighth day after the entry of the order by the commission, but did not previous to bringing this action file a petition for a rehearing within twenty days after the entry by the commission, or any petition for a rehearing at all, which did not comply with the procedure prescribed by amended §6. Appellee not having exhausted its remedy before the Public Service Commission, this action does not lie, and the court erred in overruling appellants' demurrer to appellee's complaint. *New York, etc., R. Co.* v. *Public Service Com.* (1922), 191 Ind. 627.

Concerning the second assignment of error: The trial court adjudged that the order of the Public Service Commission be vacated and set aside, and that instead thereof, ordered and directed

that the Public Service Commission make and enter an order sustaining the petition for the consolidation of crossings and the separation of grades, as prayed for by the petitioners, the appellees here, and that the commission take the proper steps to enforce the order, and that plaintiff recover costs from the defendant. The court had no power to render the affirmative part of the judgment, that the Public Service Commission make and enter an order sustaining the petition for the consolidation of the crossings and the separation of grades and that it take proper steps to enforce the order, for the reason that the statute limits the judgment to suspend or set aside the order of the commission. §5536 Burns 1914, *supra*.

Upon the overruling of the demurrer the court had the right to enter judgment for costs. No motion having been made to strike out the objectionable

5. part of the judgment, no question for decision is presented. *Greensburg Water Co.* v. *Lewis* (1920), 189 Ind. 439 (3).

The Marion Circuit Court is ordered to sustain the demurrer to the complaint.

Judgment reversed.