G. ITTENBACH COMPANY *v.* THE CLEVELAND, CINCINNATI, CHICAGO & ST. LOUIS RAILWAY COMPANY.

[No. 14,111. Filed June 4, 1932. Rehearing denied December 16, 1932. Transfer denied July 29, 1933.]

*William W. Hammond, C. Severin Buschman, Leo M. Gardner,* and *A. B. Cronk,* for appellant.

*Frank L. Littleton, Forrest Chenoweth, H. N. Quigley,* and *C. P. Stewart,* for appellee.

NEAL, J.—Appellant filed its amended complaint against appellee to recover two cents per hundred pounds for stone shipped from the Bloomington-Bedford District to Indianapolis during the period of time between May 12, 1925, and February 19, 1926. The amended complaint is of considerable length. The salient facts pleaded are: That during all the time involved in this action, appellant had mills at Indianapolis and was engaged in the fabrication of stone. Rough stone was secured from the Bedford stone district of this state, where the same was quarried, loaded on cars, and transported to Indianapolis. Appellee, a common carrier, in conjunction with other carriers, transported this stone to Indianapolis at a rate of twelve and one-half cents per hundred weight; that on September 11, 1923, appellant filed with the Public Service Commission of Indiana a complaint against the appellee and others alleging that the rate of twelve and

one-half cents was unreasonable and unjust. July 25, 1924, the commission made an order dismissing the complaint as to the twelve and one-half cent rate; that on August 14, 1924, appellant asked for a rehearing; October 10, 1924, a rehearing was granted; November 11, 1924, rehearing was had and case taken under advisement; April 17, 1925, the commission decided the case and made an order wherein it was provided as follows: "It is therefore ordered by the Public Service Commission of Indiana that the defendants be and they are directed and required to establish and put into effect within thirty days from the date hereof a rate on rough stone from the Bedford district to Indianapolis not exceeding 10½ cents;" May 13, 1925, appellee filed with the commission a petition for a rehearing; June 3, 1925, the commission held a hearing on appellee's petition for a rehearing; February 19, 1926, the commission decided the case and made an order, wherein it was provided: "The Commission having given the matter further consideration, is of the opinion, and finds that its order in this cause approved April 17, 1925, should be vacated, set aside and held for naught, and it will be so ordered. It is, therefore, ordered by the Public Service Commission of Indiana that the order in this cause approved April 17, 1925, be and it is vacated and set aside. It is further ordered that the complaint herein, in as far as it attacks the rate on rough stone from the Bedford district to Indianapolis be and it is denied, and the matter dismissed;" that by section 12820 (c), Burns 1926, and by the express provisions in the order of April 17, 1925, the rate of ten and one-half cents on rough stone from the Bedford and Bloomington, Indiana district to Indianapolis fixed by the order of the Public Service Commission of April 17, 1925, became the lawful rate and took effect within thirty days after the entry of said order, and remained

in effect until the order of February 19, 1926, setting aside and vacating the order of April 17, 1925, requiring it to establish the ten and one-half cent rate and continued to charge the old rate of twelve and one-half cents; that during the period from May 17, 1925, until February 19, 1926, appellant shipped rough stone from its Bedford and Bloomington district to Indianapolis over the appellee carrier in the amount of 137,624.08 hundred weight for which the appellee carrier charged the appellant the rate of twelve and one-half cents for one hundred pounds, which amount the appellant paid this appellee; that the appellant is entitled to recover said excessive and unlawful freight charged in the sum of $2,752.48.

The defendant (appellee herein) filed its demurrer to the amended complaint with memorandum; the demurrer was sustained; appellant refused to plead further; judgment followed; hence this appeal.

Appellant says in support of a reversal that the order of the Public Service Commission ordering a ten and one-half cent rate went into effect within thirty days thereafter and continued in force until set aside and vacated by the commission under its order of February 19, 1926; that no petition for rehearing was filed by appellee or any other party within twenty days after the entry thereof; the order establishing the ten and one-half cent rate, which was entered April 17, 1925, and petition for rehearing filed May 13, 1925, remained in full force and effect until set aside and vacated by the Public Service Commission in February, 1926; that the Public Service Commission had no power to extend the time for filing a petition for rehearing; that the appellant cannot avoid the force and effect of the order by ignoring it or failing to put it into effect; that the payment of an overcharge of freight to a railroad company engaged in the business of a common carrier is

not in law a voluntary payment. Appellee submits propositions to sustain the ruling of the trial court which may be summarized as follows: that appellant has instituted an action at common law to recover damages from a common carrier for charging a rate in excess of a reasonable rate; that the rate fixed by the printed schedules on file with the Public Service Commission are conclusively presumed to be reasonable except in a direct proceeding or determine their reasonableness and as the complaint in this case shows that said schedules fixed a rate of twelve and one-half cents for the shipments therein set out, the court in this case has no authority to say that said rate of twelve and one-half cents is unreasonable; there was, therefore, no cause of action stated; that if the order of April 17, 1925, was effective from May 17, 1925, to February 19, 1926, appellant's remedy was by way of mandatory injunction; that the order of the Public Service Commission of April 17, 1925, was vacated, set aside and held for naught by its order of February, 1926; that by force of statute the order of the commission (April 17, 1925) did not take effect until thirty days thereafter and before that time the commission assumed jurisdiction, which suspended the enforcement of the order; that the rule of law applicable to the extension of time for filing a petition for a rehearing in civil cases is not applicable in a proceeding before the Public Service Commission; that if the law required appellee to file its petition within twenty days the objection was waived when the commission assumed jurisdiction, appellant entered appearance and appeared to said petition and made no objection to the time when it was filed and appellant agreed ". . . that no further evidence would be submitted and that the commission should issue such further order or orders as seemed advisable upon the

evidence theretofore submitted and statements made in oral arugment at the time of hearing."

The Public Service Commission, in administering the Railroad Commission Law, had authority given to it in express terms of the statute to determine ■ whether the rate charged from the Bedford-Bloomington district by appellant and other carriers to Indianapolis was unjust and discriminatory and fix a rate that was just, reasonable and indiscriminatory. The jurisdiction of the commission in the instant case was properly invoked, the parties appeared, evidence heard and an order of the commission made and entered reducing the rate of twelve and one-half cents per hundred to ten and one-half cents per hundred pounds. Acts 1905, p. 83, §§6 and 7, as amended by Acts 1913, p. 820, and Acts 1911, p. 460, respectively, being §§12819 and 12820, Burns 1926, §§14452, 14453 Baldwin's Ind. Ann. Stat. 1934. See also *Vandalia R. Co.* v. *Public Service Commission* (1916), 185 Ind. 652, 114 N. E. 412.

In the instant case, the Public Service Commission, after a hearing, entered its order under date of April 17, 1925, requiring the appellant to establish and ■ put into effect within thirty days a rate on rough stone not exceeding ten and one-half cents per hundred pounds, between the points heretofore designated. This order, at the end of thirty days, unless challenged in the manner provided by the statute before the commission or in a court of competent jurisdiction, was final. Under such circumstances, the rate fixed by the tariff schedules on stone between the points named, to wit, twelve and one-half cents no longer prevailed. The order of the commission automatically eliminated the rate of twelve and one-half cents as provided by the published tariffs then on file.

In *American Sugar Refining Co.* v. *Delaware L. & W*

*Ry. Co.* (1912), 200 Fed..652, 654, the court said: "The effect of the Commission's decision was to eliminate such allowances from the filed tariffs. No cooperation by the defendants was required to bring about such results. They were as much bound to refrain from making such rebates from the time of such decision until it should be reversed, or its operation suspended, as if the tariffs had never contained such allowances." See also §12820, *supra*.

Section 6, ch. 241, Acts 1907, being an act to amend "An act providing for the creation of a railroad commission," etc., provided that "any carrier, or other party, dissatisfied with any final order made by the commission may, within thirty days after the entry thereof begin an action against the commission in any court of competent jurisdiction in this state into or through which any such carrier operates to suspend or set aside any such order." Section 7 of the same act reads in part: "The commission shall have authority to grant rehearings in any case in which it has made a final order, or to alter, change or modify any final order made by it. . . ." The above mentioned §6 was amended in 1913 (Acts 1913, ch. 306, p. 280), and now reads in parts as follows: "Any carrier, or other party, dissatisfied with any final order made by the commission may, within twenty days after the entry thereof, file with the commission a petition for rehearing specifically stating therein the grounds or reasons for such rehearing. The commission shall consider said petition for rehearing and enter its ruling thereon. Any carrier, or other party, dissatisfied with any final order made by the commission may, after its ruling on a petition for rehearing within twenty days from the ruling on such petition for rehearing begin an action against the commission in any court of competent jurisdiction in any county in this state into or through which any

such carrier operates, to suspend or set aside any such order. . . ."

It is to be observed that prior to 1913 the Legislature did not designate a definite time in which a petition for rehearing should be filed. Although orders of ██ the commission are not judgments in law, nevertheless, it is essential that an orderly procedure be provided for the Public Service Commission. This, the Legislature has done. In *McCardle et al.* v. *Board of Commissioners of Marion County* (1924), 195 Ind. 281, 144 N. E. 877, 878, the court said: "That said amended section 6 provides the exclusive procedure before the Public Service Commission concerning orders, rehearings and rulings thereon and the right of action against such board to suspend or set aside any such final orders." See *New York R. Co.* v. *Public Service Commission* (1922), 191 Ind. 627, 134 N. E. 282; *Southern Indiana Railway Co. et al.* v. *Railroad Commission of Indiana* (1909), 172 Ind. 113, 87 N. E. 966; *Town of Hyde Park* v. *Railroad Co.* (1911), 84 Vt. 326, 79 Atl. 873; *Essex Storage Electric Co.* v. *Victory Lumber Co.* (1919), 93 Vt. 437, 100 Atl. 426. Appellee did not file its petition for rehearing within the time fixed by the statute, and must necessarily abide the consequences. Neither can the commission or a court disregard the provisions of the statute and extend the time for filing a petition for rehearing, nor can such time be extended by agreement of the parties.

The petition in the instant case can be treated as an independent proceeding to re-establish the twelve and one-half cent rate. The commission, by §12820, ██ *supra,* is given authority "to grant rehearings in any case in which it has made a final order, or to alter, change or modify any final order made by it. All orders of the commission, except as otherwise provided in this act, shall take effect within such rea-

sonable time, not more than thirty days after entry thereof, and shall continue in force for such period of time as shall be prescribed in the order of the commission, unless the same shall be suspended, or set aside or modified by the commission, or be suspended or set aside or modified by the court of competent jurisdiction, as provided in section 6." Thus by the express provisions of this section, the commission is given a continuing power over railroad tariffs, and is also given the power to *change, modify or suspend* any order made by it. And the orders made "shall take effect within such reasonable time, not more than thirty days after entry thereof and shall continue in force . . . unless the same shall be suspended, or set aside or modified by the commission. . . ." In the case before us, the order of April 17, 1925, became effective within thirty days thereafter and the same not having been suspended by the commission upon its own volition and appellants not having asked its suspension, the same was in full force and effect until it was changed by the order of February 19, 1926. The filing of the petition before the expiration of the thirty days after the order of April 17, 1925, could not have the effect of suspending the same. Neither could the order of February 19, 1926, establishing the rate of twelve and one-half cents, be retroactive. It necessarily follows, therefore, that the court erred in sustaining the demurrer to the complaint.

Judgment reversed with instructions to overrule the demurrer to the complaint.