DALY ET AL. *v.* CARR ET AL.

[No. 25,899 and 25,900. Filed May 23, 1934. Dissenting opinion filed June 4, 1934.]

*James M. Ogden,* Attorney-General, and *Earl B. Stroup,* Deputy Attorney-General, for appellants.

*Walterhouse & Miller* and *Clarence W. Dearth,* for appellees.

*Charles P. Tighe,* amicus curiae.

FANSLER, J.—These cases are appeals from judgments of the LaPorte Superior Court discharging the appellees from the Indiana State Prison upon writs of habeas corpus.

The cases were ordered consolidated for briefing and argument. The records are identical except as to the names, ages, and description of appellees.

The petitions allege in substance that on June 30, 1923, appellees were convicted of the crime of automobile banditry and sentenced to be imprisoned for the indeterminate term of from ten to twenty-five years; that they were immediately imprisoned and had served continuously since that time; that their prison records were excellent and such as to entitle them to a dimunition of sentence under the "Good Time" law of 1883 (chapter 131 of Acts of 1883). It is their contention that the sentence imposed upon them purporting to be indeterminate is, in fact, a determinate sentence for the minimum term of ten years, and this is conceded by appellants. Appellees assert that the law of 1883 is still in force with regard to determinate sentences. The

court below so held in overruling appellants' motions to quash the writs, and the only error assigned is predicated upon the court's so ruling.

It is provided by chapter 131 of the Acts of 1883 that every convict confined in the prisons of the State who shall have no infractions of the rules or regulations of the prisons or laws of the State recorded against him, and who shall perform the duties assigned him, shall be entitled to a dimunition of time from his sentence according to a table therein set out.

In 1897 there was enacted "An Act concerning the manner of procedure in the trial of certain felonies, and prescribing punishment therefor, and appointing a commission on parole, and authorizing it to make rules for the government thereof." (Acts of 1897, p. 219). In the case of *McCoy* v. *Reid* (1909), 172 Ind. 182, 87 N. E. 1086, this law, known as the Indeterminate Sentence Law, was held to have repealed the "Good Time" law of 1883.

It is contended that the sentence imposed in the case last referred to was an indeterminate one and that, therefore, the Act of 1883 did not apply in any event, and, as a consequence, what was said by the court concerning a repeal by implication was dictum. But in 1905 the legislature recodified the criminal law of the State in an Act entitled "An Act concerning public offenses." The Act consists of 699 sections, and it purports to rewrite the law of the State concerning criminal procedure, crimes, and punishment. §275 of the law provides that:

"In all cases of felony tried before any court or jury in this state, if the defendant, being a male person, be found guilty of any crime other than treason or murder, it shall be the duty of the court or jury to further find whether he is over sixteen and less than thirty years of age. If such defendant be found to be between said ages, it shall be stated in

the finding or verdict only that he is guilty of the crime charged, naming it, and that his age is that so found to be his true age. In such case, the court, instead of pronouncing against the defendant a definite term of imprisonment in the state prison, shall sentence him to the custody of the board of managers of the Indiana reformatory, to be confined in said reformatory, or at such other place as may be designated by such board where he can be safely and properly cared for, as guilty of the crime so found against him, and that he be confined therein for a term not less than the minimum nor more than the maximum time prescribed by the statutes of this state as the punishment for such offense, subject to the rules and regulations established by such board of managers. And it shall be the duty of such board to receive all such convicted persons; any provision of this act requiring the courts of this state to sentence such persons to the state prison is hereby so modified as to make it the duty of the courts to sentence them to the reformatory. The board of managers, after such minimum period, may terminate such imprisonment when the rules and requirements of the reformatory have been lived up to and fulfilled."

Section 699 of the Act of 1905 provides that: "All laws within the purview of this act are hereby repealed; . . ."

The Act was clearly intended as a re-enactment of the criminal code, and was designed to cover all crimes, punishment, and criminal procedure. The law of 1883 is not re-enacted as a part of the Act, though within its purview, and, therefore, by the express provision of the repealing clause, and by all of the rules of construction, it must be deemed repealed. *McCardle et al.* v. *Board, etc.* (1924), 195 Ind. 281, 144 N. E. 877; *Pittsburgh, etc., Ry. Co.* v. *Lightheiser* (1904), 163 Ind. 247, 71 N. E. 218, 71 N. E. 660.

But, even if the law of 1883 were not repealed by the Act of 1905, it would not apply to the appellees. The

appellees were twenty-one and twenty-six years of age, respectively. §275 of the Act of 1905, above quoted, is a special enactment applying to male convicts between the ages of sixteen and thirty years, and, therefore, it applies to appellees. The "Good Time" law of 1883 is a general law applying to all persons who are convicted of crime. General statutes must give way to special statutes upon the same subject matter. *Daniels* v. *State* (1898), 150 Ind. 348, 50 N. E. 74; *Stockton* v. *Yeoman* (1913), 179 Ind. 61, 100 N. E. 2; *Kingan & Co.* v. *Ossam* (1921), 190 Ind. 554, 131 N. E. 81.

Appellees were convicted under the Act of 1921, p. 91, §2548, Burns 1926, §10-4710, Burns 1933, §2573, Baldwin's 1934, describing the crime of automobile banditry, which provides that if two or more persons shall commit a felony, having at the time on or near the premises where such felony is committed an automobile, or other self-moving conveyance, by the use of which they escape, or attempt to escape, they shall be "guilty of automobile banditry, and upon conviction thereof shall be imprisoned in the state prison for any determinate period not less than ten (10) years nor more than twenty-five (25) years."

Appellees plead guilty, the court found the age to be between sixteen and thirty, and committed each "to the custody of the Board of Trustees of the Indiana Reformatory to be confined by them according to law for a period of not less than ten years nor more than twenty-five years . . ."

It is contended by appellees, and conceded for the purpose of the case by appellants, that the sentence provided for by the automobile banditry statute is a determinate sentence, and that, therefore, the judgment of the court must be treated as a determinate sentence for ten years and no more, and not

an indeterminate sentence. But construing the section with §275 of the Act of 1905, §2316, Burns 1926, which we are bound to do, we must conclude that, since the appellees were found to be between the ages of sixteen and thirty, the latter section, which especially applies to convicts between those ages, is applicable regardless of whether or not the legislature intended to make the penalty in the automobile banditry statute determinate in its general application, and, therefore, the court in its judgment correctly committed the appellees to the custody of the Board of Trustees of the Indiana Reformatory for a period of not less than ten years nor more than twenty-five years, the minimum and maximum penalties provided for in the banditry statute, and that at the time appellees' actions were commenced they were lawfully in custody for a period of not less than ten nor more than twenty-five years, to be determined by such Board of Managers.

Any other interpretation of the statute would require that it be given precedence over all statutes providing for special treatment of offenders within certain age limitation. These special statutes must be given precedence over the general criminal statutes, under the well-settled rules of construction referred to in the cases cited above.

Appellees were transferred from the Indiana Reformatory to the Indiana State Prison.

Judgment reversed, with instructions to the trial court to sustain appellants' motion to quash the writ of habeas corpus in each of the cases.

Treanor, J., concurs in result.

TREANOR, J., concurring in part, dissenting in part, concurring in the result:

I agree with the holding that the "Good Time" statute of 1883 was repealed by the Indeterminate Sentence statute (Acts 1897, p. 219) and since the trial court's

judgment rested upon the assumption that the "Good Time" statute was still in force the judgment should be reversed.

I dissent from that portion of the majority opinion which holds that the statement "any determinate period, not less than ten (10) years nor more than twenty-five (25) years" (Acts 1921, ch. 32, p. 91, §2548, Burns Ann. Ind. St. 1926) should be construed to authorize a sentence for an indeterminate period, "not less than ten (10) years nor more than twenty-five (25) years."

The Act of 1905 was intended to provide as follows respecting imprisonment of persons convicted of felonies:

(1) All persons convicted of felonies other than treason or murder should be sentenced for an indeterminate period of not less than the minimum nor more than the maximum number of years prescribed by statute for the particular offense.

(2) All convicted persons whose ages should be more than sixteen years and less than thirty should be confined in the Indiana State Reformatory.

(3) All whose ages should be thirty or above should be confined in the Indiana State Prison.

(4) The actual number of years of imprisonment should be determined by the proper parole officers.

In 1921 the General Assembly defined the crime of automobile banditry and provided that any person convicted of that offense should be imprisoned in the state prison "for any determinate period, not less than ten (10) years nor more than twenty-five (25) years."

Since the aforesaid provision of the Act of 1921 is definite and unequivocal we should accept its manifest meaning no matter how much it modifies the provisions of the earlier act of 1905. I know of no rule of statutory construction which permits the modification of a clear provision of a later statute because it conflicts with an earlier statute. That situation necessitates a repeal

by implication. It is true that the law does not favor repeal by implication; but out of necessity it does recognize it. In the opinion of the writer these conflicting provisions present a clear case of repeal by implication.

That the General Assembly deliberately used the words "any determinate period" in the automobile banditry statute. is indicated by the fact that during the same session other statutes were enacted which defined certain offenses and fixed indeterminate terms of imprisonment. Also, in the 1927 session of the General Assembly the offense of automobile banditry was redefined and the term of imprisonment was made indeterminate; and in the 1929 session the indeterminate term was changed to "any determinate period." But the place of imprisonment was designated as the "state prison" in both the 1927 and 1929 acts.

It is common knowledge that during the last fifteen years there has been an alarming increase in criminal acts of the general character of the offense defined as automobile banditry. Apparently the General Assembly of 1921 felt that automobile banditry should be dealt with more severely than other felonies and intended to prevent the sentencing of persons guilty of this offense for an indeterminate period; and also clearly intended to require all persons guilty of automobile banditry to serve their terms of imprisonment in the state prison, regardless of age. We may not agree with the policy of the legislation but clearly the General Assembly had the power to modify the Act of 1905 or to repeal it entirely. It chose to modify the policy of sentencing for an indeterminate period, leaving the determination of the actual length of the term of imprisonment to the discretion of parole officials, and to substitute therefor a policy of fixing a definite period of imprisonment within fixed maximum and minimum limits, the actual term to be fixed in the sentence imposed by the trial court.

Also the earlier policy of considering the age of the convicted person in determining the place of imprisonment was abandoned.

I think the trial court was correct in holding that under the Automobile Banditry act of 1921 the appellee should have been sentenced for a definite term of years, the definite term to be not less than ten (10) years nor more than twenty-five (25) years.