LEE *v.* STATE OF INDIANA.

[No. 26,869. Filed February 15, 1938.]

*Robert A. Buhler,* for appellant.

*Omer S. Jackson,* Attorney-General, and *Rexell Boyd,* Deputy Attorney-General, for the State.

HUGHES, J.—This action was brought by the State of Indiana against the appellant Clarence Lee, Ira Williams, and Dan Terhune by filing an affidavit against them in three counts, charging petit larceny, burglary, and a conspiracy to commit a felony. The appellant was found guilty on the second count charging burglary.

The errors relied upon by the appellant for reversal are: (1) the overruling of his motion to quash the amended affidavit; (2) that the court erred in overruling appellant's motion for a new trial; and (3) in overruling appellant's motion to correct and modify the judgment.

The only grounds properly presented for a new trial are as follows: (1) The court erred in overruling defendant's motion to require the State to elect on which count of the affidavit it desired to rely upon; (2) that the verdict is contrary to law and is not sustained by sufficient evidence; (3) that the court erred in sentencing the appellant to an indeterminate sentence instead of a determinate sentence.

The appellant endeavors to present error upon the giving and refusing to give certain instructions which are not properly in the record. They are not brought into the record by a special bill of exceptions and therefore not a part of the record on appeal. *Rhodes* v. *State* (1930), 202 Ind. 159, 171 N. E. 301; *Donovan* v. *State* (1916), 185 Ind. 15, 111 N. E. 433; *Goodman* v. *State* (1919), 188 Ind. 70, 121 N. E. 826.

The court did not err in overruling the motion to quash the amended affidavit. Each count of the affidavit was drawn substantially in conformity with the statute covering the specific offense. As stated above, the appellant was found guilty of the charge contained in the second count, burglarly. This count charged, in substance, that the appellant, Williams, and Terhune on the 8th day of December, 1936, in Wells County, in the State of Indiana, did unlawfully, feloniously, and burglariously enter into the granary of one Chris Grewe with intent then and there feloniously and burglariously to take, steal, and carry away the goods, chattels, and personal property of said Chris Grewe.

There was no error committed in refusing appellant's motion to require the state to elect on which of the three counts of the affidavit it relied upon for trial. The felonies charged in the different counts were of the same character and grew out

of the same transactions, and under such circumstances, they may be charged in separate counts in the same affidavit and the State can not be compelled to separate or elect. *Rokvic* v. *State* (1924), 194 Ind. 450, 454, 143 N. E. 357.

> "Until it affirmatively appears that offenses of a different character or relating to different transactions have been improperly joined, the action of the court with reference thereto is discretionary."

*Rokvic* v. *State, supra; Knox* v. *State* (1905), 164 Ind. 226, 73 N. E. 255. The appellant was convicted only on the second count which amounted to an acquittal on the first and third.

The appellant complains of the fact that the jury was permitted to take the affidavit with them into the jury room. It has many times been decided by this court that it is proper to permit this to be done, provided there is nothing of a prejudicial character attached thereto, or indorsed thereon. *Middaugh* v. *State* (1921), 191 Ind. 373, 132 N. E. 678; *Masterson* v. *State* (1896), 144 Ind. 240, 43 N. E. 138.

The evidence shows that Williams and Terhune, prior to December 8, 1936, had stolen corn and had sold the same to the appellant who at the time knew it was stolen. Williams had sold stolen corn to Lee on different occasions. Williams testified that he asked Lee "if he cared if his corn was hot." That Lee said he would buy anything and he furnished Williams with sacks and stated to Williams "it would save me the trouble of sacking it up again." Williams stated he would take Lee ten or eleven sacks of grain at a time. Lee paid Williams each time for the grain he received. The grain was carried each time and deposited in the hay mow in Lee's barn. He told Williams he would like to have one hundred and fifty bushels of oats and that

he did not care if it was "hot stuff." The evidence also shows that he told Williams he would like to have some meat hogs and "that if we got one, we could take it to the basement," and he would also like to have some chickens before Christmas. The evidence shows that Lee had a regular schedule of prices for the stolen grain he received from Williams and Terhune. He gave them thirty cents per bushel for oats, sixty-five cents for corn, and seventy-five cents for wheat. After the first load of wheat was sold to Lee he told Williams and Terhune to go back to Grewe and get the balance of the wheat and corn. They did this and were paid by Lee for the grain. It appears that the first time Williams sold grain to Lee was the last of October or the first of November, 1936. The evidence clearly shows that prior to December 8, 1936, Lee was buying from Williams stolen grain of any description and that Lee knew it was stolen; that he told Williams that he would buy "hot" grain of any kind and furnished him with sacks to put the grain in so that it would not have to be re-sacked when brought to his barn. The evidence further shows on the nights of December 8, 1936, Williams and Terhune went to the granary of Chris Grewe's, broke the lock off and went in and sacked up several bushels of wheat and then took and sold the same to Lee and he knowing at the time it was stolen from Grewe.

Section 9-102 Burns 1933, §2243 Baldwin's 1934, provides:

> "Every person who shall aid or abet in the commission of a felony, or who shall counsel, encourage, hire, command or otherwise procure a felony to be committed may be charged by indictment or affidavit, tried and convicted in the same manner as if he were a principal, either before or after the principal offender is charged, indicted or convicted; and, upon such conviction, he shall suffer the same punishment and penalties as are pre-

scribed by law for the punishment of the principal."

The evidence clearly shows that the appellant aided, counseled, and encouraged the commission of the crime stated in the second count of the affidavit upon which he was found guilty.

The last proposition presented by the appellant is that the court erred in rendering an indeterminate sentence instead of a determinate sentence as proved by the statute.

The second count of the affidavit is based upon an Act of 1929, as amended by an Act of 1935, being Chapter 212, p. 1017, (§10-701 Burns Supp. 1937, §2441 [b] Baldwin's Supp. 1935) and is as follows:

"Whoever enters any boat, wharf boat, water craft, interurban car, street car, railroad car, automobile, airplane or building or structure, other than a dwelling house or place of human habitation, inclosed or uninclosed, large or small, with intent to take, steal, lead, drive or carry away any property of any kind, or with intent to commit any felony, shall be guilty of burglary in the second degree, and, upon conviction thereof, shall be imprisoned in the state prison for any determinate period not less than two (2) years and not more than five (5) years, and finded in any sum not less than fifty dollars ($50.00) nor more than five hundred dollars ($500.00), and be disfranchised and rendered incapable of holding any office of trust or profit for any determinate period. . . . "

It is to be noted that the act provides for a determinate sentence. It was found that the age of appellant was fifty-eight years, and this being true, he should have been sentenced for a determinate period. Reference has been made to the case of *Daly* v. *Carr* (1934), 206 Ind. 554, 190 N. E. 429. This case, however, is not applicable here. In that case the petitioners were twenty-one and twenty-six years of age, respectively. They belonged to a specific class as defined in Section 275 of the Act of

1905, which was, "An Act concerning public offenses." It was held that section 275 of the act of 1905 was a special enactment applying to male convicts between the ages of sixteen and thirty years and that general statutes must give way to special statutes upon the same subject matter. It was the evident purpose of said · section 275 to put offenders of the law between the ages of sixteen and thirty years into a special class on account of their age and to segregate them from more hardened criminals confined in the Indiana State Prison by committing them to the Indiana Reformatory. Likewise juvenile offenders are put in a special class by special legislation and the general law must also give way to this class. The appellant does not come within the special class between the age of sixteen and thirty years and therefore is subject to the general law which provides for a determinate sentence.

Appellant having been found guilty as charged, but the judgment being erroneous, the said judgment is reversed with instructions to the trial court to pronounce judgment for a determinate period, in accordance with this opinion *nunc pro tunc* as of the date of judgment appealed from.

The clerk of this court is directed to issue the proper order for the return of the prisoner to the custody of the sheriff of Wells County.

Roll, C. J., absent.